| | |
|---|---|
| Trina Realmuto (CA SBN 201088) | Matt Adams (WA SBN 28287)* |
| Mary Kenney (DC SBN 1044695)* | Leila Kang (WA SBN 48048)* |
| Aidan Langston (NY SBN 6082648)* | Northwest Immigrant Rights Project |
| National Immigration Litigation Alliance | 615 Second Avenue, Suite 400 |
| 10 Griggs Terrace | Seattle, WA 98104 |
| Brookline, MA, 02446 | (206) 957-8611 |
| (617) 819-4447 | matt@nwirp.org |
| trina@immigrationlitigation.org | leila@nwirp.org |
| mary@immigrationlitigation.org | |
| aidan@immigrationlitigation.org | |

Marc Van Der Hout (CA SBN 80778)
Johnny Sinodis (CA SBN 290402)
Van Der Hout LLP
360 Post St., Suite 800
San Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Julian SANCHEZ MORA, Siobhan WALDRON, Carlos Moctezuma GARCIA, Brenda CANUDAS TIRADO, and Ali AINAB, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; and U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** <br><br> <u>**CLASS ACTION**</u> |

Complaint for Decl. and Inj. Relief

**INTRODUCTION**

1. Plaintiffs are three immigration attorneys (Attorney Plaintiffs) and two individuals (Individual Plaintiffs) who filed Freedom of Information Act (FOIA) requests with Defendant U.S. Customs and Border Protection (CBP), a component agency of Defendant U.S. Department of Homeland Security (DHS). CBP has failed to make a determination on each of the Plaintiffs' requests within the 20 or, at most, 30 business days mandated by FOIA, 5 U.S.C. § 552(a)(6)(A), (B). In fact, Plaintiffs Sanchez Mora and García each have had requests pending for nearly a year and a half, since October and December 2022, respectively. Because CBP engages in a nationwide pattern and practice of failing to make a determination on individual FOIA requests within the statutory timeframe, Plaintiffs seek to represent a class of similarly situated FOIA requesters who must wait for prolonged periods—generally over six months and sometimes longer than one year—for determinations on their FOIA requests.

2. The FOIA requests filed by the Attorney Plaintiffs seek records pertaining to their clients. The FOIA requests filed by the Individual Plaintiffs seek records pertaining to themselves. All Plaintiffs' requests relate to an individual, including records related to a person's entry into and/or exit from the United States, admission or parole into the United States, criminal history, and records of inspections, apprehensions, expulsions, or interactions with CBP employees. These records are critical to determining eligibility for immigration benefits (including applications for lawful permanent residence, naturalization, and acquired citizenship), defending against deportation, responding to automobile seizures, and investigating damages claims based on tortious or unconstitutional conduct by CBP employees.

3. In Fiscal Year (FY) 2023, CBP received 144,474 FOIA requests.[1] On information

---

[1] DHS, *Fiscal Year 2023 Freedom of Information Report to the Attorney General of the United States and the Director of the Office of Government Information Services* 13 (Mar. 2024)

and belief, of the total volume of FOIA requests it receives, approximately 85% are requests seeking records related to an individual. On information and belief, the FOIA Division of CBP can query CBP and DHS electronic data systems to respond to these requests.

4. On information and belief, CBP generally takes over six months, and sometimes longer than one year, from receipt to make a determination on a FOIA request for individual records and, as illustrated by Plaintiffs Sanchez Mora and García's requests, many requests linger—unprocessed—for well over one year.

5. CBP has a FOIA backlog which contributes to delays in processing FOIA requests for records related to an individual. DHS defines a FOIA backlog as "[t]he number of requests or administrative appeals that are pending at an agency at the end of the fiscal year that are beyond the statutory time period for a response."[2] At the end of FY 2023, CBP's backlog consisted of 21,444 requests, the second highest of all DHS component agencies.[3]

6. In Fall 2022, DHS introduced a new FOIA processing system called SecureRelease that purportedly would allow component agencies using the system, including Defendant CBP, "to process records faster."[4] However, in fiscal year 2023, during which SecureRelease was operational, CBP's FOIA backlog has only marginally improved, from 26,570 requests to 21,444 requests, and attorneys and individual requestors have experienced little to no difference in processing times.

7. CBP has not allocated sufficient financial or staffing resources for the handling of FOIA requests or its backlog, which has skyrocketed from a low of 1,008 in FY 2017—

---

(FY 2023 DHS FOIA Report), https://www.dhs.gov/sites/default/files/2024-03/23_0325_fy23-FOIA_Annual_Report.pdf.
[2]   *Id.* at 6.
[3]   *Id.* at 28.
[4]   DHS, *Change is Underway at DHS Freedom of Information Act (FOIA)*, https://www.dhs.gov/change-underway-dhs-foia (last updated Nov. 27, 2023).

Complaint for Decl. and Inj. Relief

2

immediately following the September 2016 settlement of an earlier class action challenge—to 21,444 at the close of FY 2023. DHS is aware of CBP's ongoing backlog.

8. Plaintiffs seek to represent a nationwide class of similarly situated individuals: all persons who filed, or will file, a FOIA request for records related to an individual with CBP which has been pending, or will be pending, with CBP for more than 30 business days without a determination. Plaintiffs and putative class members challenge Defendants' pattern or practice of violating the FOIA statute by failing to make timely determinations.

9. Plaintiffs and members of the proposed class they seek to represent suffer harm due to Defendants' failure to make timely determinations on their FOIA requests. Without the information that they have requested through FOIA, Plaintiffs lack the documentation needed to assess their own or their clients' immigration history, eligibility for immigration benefits, and risk of removal or other adverse consequences. An individual's immigration history includes records documenting past entries into and exits from the United States, removals, voluntary returns, expulsions, criminal history, withdrawn applications for admission, apprehensions, and other interactions with CBP employees. Such records often are critical to assessing immigration options, potential defenses against deportation, potential defenses to vehicle seizures, and the viability of damages claims based on tortious or unconstitutional conduct by CBP employees.

10. CBP's delays also prevent Plaintiffs and members of the proposed class from moving forward with petitions and applications for immigration benefits for which they or their clients may be eligible. This causes unnecessary emotional and financial hardship for individuals left in legal limbo while they wait to obtain the records that hold the key to assessing their immigration options in the United States.

11. Due to CBP's delay and the ensuing harm it causes, Plaintiffs seek class certification, declaratory relief, and injunctive relief ordering CBP to respond to FOIA requests

for an individual's records that have been pending for more than 30 business days without a determination and ordering CBP to make timely determinations as required by FOIA. 5 U.S.C. § 552(a)(3), (a)(6).

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

13. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendants are federal agencies; Plaintiffs Sanchez Mora and Waldron reside in this District; and there is no real property involved in this action.

14. Defendants' failure to make determinations concerning Plaintiffs' FOIA requests for an individual's records within the statutory period constitutes a constructive denial of Plaintiffs' requests. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## INTRADISTRICT ASSIGNMENT

15. The claims of Plaintiff Sanchez Mora arise in the city and county of San Francisco. Therefore, assignment to the San Francisco Division of this Court is proper under N.D. Civil Local Rule 3-2(d).

## PARTIES

16. Plaintiff Julian Sanchez Mora is an immigration and criminal defense attorney at Immigrant Crime and Justice, LLP, a law firm in San Francisco, California. He has at least 37 FOIA requests filed with CBP on behalf of his clients that have been pending for over 30 business days.

17. Plaintiff Siobhan Waldron is an immigration attorney with Immigrant Legal Defense, a nonprofit organization based in Oakland, California. She has ten FOIA requests filed

Complaint for Decl. and Inj. Relief

4

with CBP on behalf of her clients that have been pending for over 30 business days, and her organization has over 125 such requests pending.

18. Plaintiff Carlos Moctezuma García is an attorney practicing immigration and criminal law at García & García, Attorneys at Law P.L.L.C., in McAllen, Texas. He has 29 FOIA requests filed with CBP on behalf of his clients that have been pending for over 30 business days.

19. Plaintiff Brenda Canudas Tirado resides in Renton, Washington. She currently has a FOIA request filed with CBP for records pertaining to herself that has been pending for over nine months.

20. Plaintiff Ali Ainab resides in Somerville, Massachusetts. He currently has a FOIA request filed with CBP for records pertaining to himself that has been pending for over four months.

21. Defendant CBP is a component agency of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, CBP is responsible for enforcing immigration laws at the border and other ports of entry to the United States. CBP inspects all individuals seeking entry to the United States, including U.S. citizens, lawful permanent residents, nonimmigrants, and asylum seekers. CBP has the authority to, among other things, admit or exclude individuals, arrest certain individuals for immigration violations, issue expedited removal orders, parole noncitizens into the United States, permit noncitizens to withdraw applications for admission, and seize vehicles and other property of individuals suspected of engaging in specified immigration violations. CBP has in its possession, custody, and control the records Plaintiffs seek.

22. Defendant DHS is an executive agency of the United States and an agency within the meaning of 5 U.S.C. § 552(f)(1). Its responsibilities include enforcement and administration

Complaint for Decl. and Inj. Relief
5

of the immigration laws of the United States. CBP is a component agency within DHS. DHS has ultimate responsibility for ensuring that CBP complies with the law, including the FOIA.

## FACTUAL ALLEGATIONS

### *CBP's FOIA Processing Times and Backlog*

23. The statutory time period for a determination on a FOIA response is 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

24. An agency may invoke an additional 10 business days to make a determination in the case of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

25. CBP has a pattern or practice of failing to comply with these statutory deadlines as reflected in the following chart:

**CBP's HISTORICAL BACKLOG**

| DATE | RECEIVED | BACKLOG | SOURCE[5] |
|---|---|---|---|
| FY 2012 | 33,243 | 10,648 | FY 2012 DHS FOIA Report at 16, 19 |
| FY 2013 | 41,381 | 37,848 | FY 2013 DHS FOIA Report at 3, 16, 18 |
| FY 2014 | 47,261 | 34,308 | FY 2014 DHS FOIA Report at 4, 18, 19 & FY 2015 DHS FOIA Report at 20 |
| FY 2015 | 52,290 | 9,280 | FY 2015 DHS FOIA Report at 5, 17, 19 |
| FY 2016 | 66,690 | 1,172 | FY 2016 DHS FOIA Report at 4, 17, 19, 20 |
| FY 2017 | 88,840 | 1,008 | FY 2017 DHS FOIA Report at 4, 16, 19 |
| FY 2018 | 87,388 | 6,660 | FY 2018 DHS FOIA Report at 6, 19, 21 |
| FY 2019 | 86,133 | 10,466 | FY 2019 DHS FOIA Report at 14, 27, 29 |
| FY 2020 | 80,366 | 1,729 | FY 2020 DHS FOIA Report at 14-15, 29, 31 |
| FY 2021 | 108,177 | 15,696 | FY 2021 DHS FOIA Report at 15, 30, 32 |
| FY 2022 | 132,117 | 26,570 | FY 2022 DHS FOIA Report at 15, 33, 35 |
| FY 2023 | 144,474 | 21,444 | FY 2023 DHS FOIA Report at 13, 28, 30 |

26. In 2015, Defendants CBP and DHS were sued in this District over a similar nationwide pattern or practice of failing to timely respond to FOIA requests. *See Brown v. CBP*, 132 F. Supp. 3d 1170 (N.D. Cal. 2015). In that case, this Court denied the government's motion to

---

[5] References to the "DHS FOIA Report" are to the Freedom of Information Report to the Attorney General of the United States and the Director of the Office of Government Information Services, which are available by fiscal year at https://www.dhs.gov/foia-annual-reports.

Complaint for Decl. and Inj. Relief

6

dismiss, finding that the plaintiffs had "describe[d] a longstanding and pervasive practice of unreasonable delay in CBP's response to FOIA requests" and that DHS's and CBP's failure to meet the statutory response deadline was an "actionable violation of FOIA." *Id*. at 1172, 1174.

27.     During the *Brown v. CBP* litigation, CBP began processing FOIA requests at an increased rate and reduced its backlog from 34,307 requests at the close of FY 2014 to 3,187 as of June 24, 2016. In light of CBP's then improved efforts during the pendency of the litigation, the parties ultimately settled the case. In the settlement agreement, signed September 8, 2016, CBP represented: "Currently, Defendant CBP generally is able to respond to most non-complex FOIA requests [for an individual's records] within 20 days." Both DHS and CBP further avowed that they "are committed to continuing their efforts to timely process FOIA requests filed with Defendant CBP." Notably, CBP agreed to post its monthly FOIA processing reports on its website for a period of three years. In the immediate aftermath of the settlement, CBP maintained a significantly decreased backlog of 1,172 and 1,008 requests in FY 2016 and FY 2017, respectively. On information and belief, CBP was able to lower its backlog in FY 2020—which had by then crept up to over 10,000—to 1,729 due to the pandemic caused by coronavirus disease 2019 (COVID-19).

28.     However, CBP's backlog has subsequently increased such that, at the close of FY 2023, it stands at 21,444.

29.     Moreover, CBP routinely denies requests to expedite processing of FOIA requests, which prevents Plaintiffs and proposed class members from timely receipt of records even if they have a compelling and immediate need. The statute provides for expedited processing of FOIA requests "in cases in which the person requesting the records demonstrates a compelling need; and . . . in other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i); *see also id*. § 552(a)(6)(E)(v) (defining compelling need); 6 C.F.R. § 5.5(e)(1) (listing cases warranting expedited processing). In FY 2021, CBP granted 14 expedite requests and denied 4,632 requests. Similarly in

FY 2022, CBP granted 24 expedited requests and denied 4,550 requests. In FY 2023, CBP granted 8 expedite requests and denied 5,724 requests.

30. CBP has a pattern or practice of failing to make determinations on Plaintiffs' and proposed class members' FOIA requests within the timeframe required by statute. Exceptional circumstances do not justify CBP's delay in processing FOIA requests for individual records.

31. Defendants do not allocate sufficient budgetary resources to the processing of FOIA requests filed with CBP for individuals' records and do not allocate or hire a sufficient number of employees to address the backlog.

32. CBP's annual backlogs demonstrate the existence of a pattern or practice of failing to make determinations on FOIA requests within the statutory period. An agency's systemic failure to keep up with the pace of FOIA requests is not an "exceptional circumstance" within the meaning of FOIA. CBP has not demonstrated due diligence in responding to Plaintiffs' FOIA requests or in eliminating the backlog of overdue FOIA requests that have been pending beyond the statutory period.

33. DHS holds ultimate responsibility for CBP's pattern or practice of failing to make timely determinations in response to FOIA requests for an individual's records. DHS reports on FOIA backlogs of its components after the close of each fiscal year. Fully aware of these backlogs, DHS failed to ensure that its components made reasonable progress in reducing their backlogs to ensure timely determinations in response to FOIA requests for an individual's records. DHS further failed to ensure that sufficient resources are allocated by CBP to address its FOIA backlog.

34. On information and belief, Defendants' position is that 5 U.S.C. § 552(a)(6)(A)(i) does not impose an affirmative obligation or require the agency to make a determination within the 20-business-day specified statutory timeframe.

### *Harm to Plaintiffs and Proposed Class Members*

35. CBP records contain critical information for immigration cases. In many cases, an individual's immigration history—including the individual's past entries into or exits from the United States or interactions with CBP personnel—affects their eligibility for immigration benefits in the United States. This history also can significantly impact the ability of individuals in removal proceedings to defend against deportation, including by pursuing post-conviction relief. Without it, individuals in removal proceedings are at a disadvantage, as are the attorneys who represent them. Defendant DHS, the prosecuting entity in removal proceedings, has access to an individual's entire immigration history, including documentation that individuals may need to dispute allegations or charges against them, as well as documentation that would enable them to qualify for relief from deportation. FOIA is the only formal means by which an individual in removal proceedings can obtain copies of these immigration records.

36. A noncitizen's past interactions with CBP may affect their ability to qualify for lawful permanent resident status. For example, to adjust to lawful permanent resident status, a noncitizen must document that they were "inspected and admitted or paroled" into the United States. 8 U.S.C. § 1255(a). At all U.S. ports of entry, CBP is the agency responsible for determining who is to be admitted or paroled into the United States. CBP maintains records of many of the admission and parole decisions it makes with respect to noncitizens. These records often are the only evidence that the applicant can produce to demonstrate that they were inspected and admitted or paroled and therefore eligible for lawful permanent resident status.

37. CBP also possesses records that can affect a lawful permanent resident's eligibility for naturalization because the applicable statutes and regulations require an applicant to demonstrate certain periods of continuous residence and physical presence in the United States. *See, e.g.*, 8 U.S.C. § 1427(a)-(c). Additionally, CBP records can be critical for individuals born

abroad to a U.S. citizen because immigration law conditions acquisition of U.S. citizenship on demonstrating the parent's physical presence in the United States. *See, e.g.*, 8 U.S.C. § 1433(a)(2).

38. Additionally, pursuant to 8 U.S.C. § 1225(b)(1), CBP has authority to issue expedited removal orders against certain individuals apprehended at or near the border who attempted entry without proper documentation. In lieu of issuing an expedited removal order, CBP can issue a voluntary return to a foreign country or permit an individual to withdraw their application for admission and depart the United States. 8 U.S.C. §§ 1225(a)(4), 1229c(a). Many individuals who are turned away at the border are uncertain if they were issued expedited removal orders, granted a voluntary return, or simply permitted to withdraw their applications for admission. It is critically important to know the outcome of an apprehension by CBP because an expedited removal order carries much more severe immigration consequences than a voluntary return or a withdrawn application for admission.

39. Individuals who are issued expedited removal orders are, at a minimum, inadmissible to the United States for a five-year period. 8 U.S.C. § 1182(a)(9)(A)(i). Consequently, they are ineligible for an immigrant or nonimmigrant visa and to adjust to lawful permanent resident status during this period unless they apply for and are granted consent to reapply for admission. 8 U.S.C. § 1182(a)(9)(A)(iii). Even after the five-year period has elapsed, the existence of the prior expedited removal order may affect future visa applications and applications for lawful permanent residence that require a favorable exercise of discretion. In addition, if CBP documentation shows that the expedited removal order was issued based on an allegedly false claim to U.S. citizenship, the person is permanently inadmissible unless they qualify for a narrow exception. *See* 8 U.S.C. § 1182(a)(6)(C)(ii).

40. In March 2020, in response to the COVID-19 pandemic, CBP was granted additional authority to expel individuals from the United States. Through an interim final rule

under 42 U.S.C. § 265 (Title 42), DHS officers were authorized to "suspend the introduction" of noncitizens seeking to enter the United States at and between land ports of entry who may "present a risk of transmission of a communicable disease."[6] The Title 42 Order applied to noncitizens without proper travel documents, those whose entry is otherwise contrary to law, and those who were apprehended near the border seeking to unlawfully enter the United States. With certain exemptions, it permitted DHS officers to return such individuals to, inter alia, their countries of origin or the countries from which they entered the United States. Title 42 expulsions were primarily issued by CBP employees who rendered determinations without providing written documentation of their decisions to the individuals they expelled. As such, CBP records relating to an individual's apprehension and/or interactions with CBP are essential to ascertaining whether an individual has been subjected to a Title 42 expulsion.

41.    CBP is the nation's largest federal law enforcement agency. As such, it exercises considerable enforcement powers, including the apprehension and detention of individuals suspected of immigration violations and the impoundment of vehicles involved in suspected violations. CBP records also contain criminal conviction records and/or information related to a criminal arrest or conviction that may not otherwise be available through criminal courts.

42.    Like all federal law enforcement officers, liability under, inter alia, the Federal Tort Claims Act attaches when a CBP officer engages in tortious or unconstitutional conduct. To assess the viability of such a claim, affected individuals and their attorneys benefit from obtaining and reviewing the records within CBP's possession that are related to incident(s) that may form

---

[6] Centers for Disease Control and Prevention (CDC) and U.S. Department of Health and Human Services (HHS), Control of Communicable Diseases; Foreign Quarantine: Suspension of Introduction of Persons into United States from Designated Foreign Countries or Places for Public Health Purposes, 85 Fed. Reg. 16,559, 16,566, 2020 WL 1330968 (Mar. 24, 2020) (codified at 42 C.F.R. § 71.40); CDC and HHS, Notice of Order Under Sections 362 and 365 of the Public Health Service Act Suspending Introduction of Certain Persons from Countries Where a Communicable Disease Exists, 85 Fed. Reg. 17,060, 17,061, 2020 WL 1445906 (Mar. 26, 2020).

the basis of a damages claim.

43. Individuals who have had past interactions with CBP, and the attorneys who advise them, are harmed by CBP's failure to timely process their FOIA requests. The availability of CBP records determines these individuals' ability to understand their circumstances, assess their options, and make life-altering decisions. For example, these individuals, as well as lawyers advising them, need to know if CBP previously admitted or paroled them into the United States, issued an expedited removal order, or expelled them under Title 42. If CBP records reveal an expedited removal order, these individuals potentially face grounds of inadmissibility, some of which may require an additional waiver application. Other individuals who have improperly entered the United States may potentially face criminal prosecution, *see* 8 U.S.C. §§ 1325, 1326, and/or a summary removal process known as reinstatement of removal, *see* 8 U.S.C. § 1231(a)(5).

44. Individuals and their attorneys are thus harmed by CBP's failure to timely process FOIA requests for an individual's records.

### *Plaintiffs' FOIA Requests*

45. Plaintiff Julian Sanchez Mora is an attorney who practices at the intersection of criminal and immigration law in San Francisco, California. He represents noncitizens before component agencies of DHS and the Executive Office for Immigration Review (EOIR), which consists of the immigration courts and the Board of Immigration Appeals (BIA). He also represents individuals in criminal courts in California, including clients who have sustained criminal convictions that subject them to potential inadmissibility or deportability. He has been practicing immigration and criminal law for approximately nine years.

46. Plaintiff Sanchez Mora regularly files FOIA requests with CBP to obtain his clients' immigration and criminal records to advise them about eligibility for immigration relief and benefits and also to investigate the availability of post-conviction relief. With respect to the

latter, Plaintiff Sanchez Mora files CBP FOIA requests as part of his office's investigation to determine whether defense counsel properly advised his client of the potential immigration consequences of a plea agreement prior to pleading guilty, as constitutionally required under *Padilla v. Kentucky*, 559 U.S. 365 (2010).

47. Plaintiff Sanchez Mora currently has at least 37 FOIA requests that have been pending with CBP for more than 30 business days, including one request that has been pending since October 2022.

48. Plaintiff Siobhan Waldron is an immigration attorney in Oakland, California, who represents clients before component agencies of DHS and EOIR. She has been practicing immigration law for approximately 12 years.

49. Plaintiff Waldron regularly files FOIA requests on behalf of clients seeking records maintained by CBP. Plaintiff Waldron requires the information from an individual's CBP records to adequately advise and represent clients, including in applying for affirmative immigration benefits and defending clients in removal proceedings. Reviewing the information in clients' CBP records is particularly important when Plaintiff Waldron is appointed to represent noncitizens with mental competency issues held in immigration detention (through the National Qualified Representative Program) as most of these individuals are unable to provide this information on account of their mental health issues. The information in the requested records typically affects eligibility for different forms of immigration benefits and relief; it is therefore essential that she obtains the records possessed by CBP before filing for any immigration benefits on behalf of her clients.

50. Plaintiff Waldron currently has 10 FOIA requests that have been pending with CBP for more than 30 business days, including one that has been pending over ten months. Her office currently has over 125 such requests pending.

51.     Plaintiff Carlos Moctezuma García is an attorney in McAllen, Texas, who has been practicing immigration and criminal law for approximately 16 years. He represents clients before DHS component agencies and EOIR, as well as state and federal courts in Texas.

52.     Plaintiff García regularly files FOIA requests on behalf of his clients seeking records maintained by CBP. As Plaintiff García's office is located on the Southern border, many of his clients have had past interactions with CBP. Plaintiff García requires the information in the records in CBP's possession to understand their immigration and/or criminal histories in order to adequately advise and represent clients, including to determine if clients are eligible to file applications for immigration benefits and/or whether they qualify for any required waivers; to ascertain the deadline for filing an asylum application; and/or to determine if the client has a basis to file a claim for damages under the Federal Tort Claims Act.

53.     Plaintiff García currently has 29 FOIA requests that have been pending with CBP for more than 30 business days, including one FOIA request for a client that has been pending since December 2022.

54.     Plaintiff Brenda Canudas Tirado filed a FOIA request with CBP for records relating to her past entry. CBP received the request on July 6, 2023, and later issued a receipt for the FOIA request, identifying the request by the number CBP-FO-2023-105542. She seeks information about her immigration history, including any charging documents and decision records. She asked that her FOIA request be expedited because she was in removal proceedings, but CBP denied the request to expedite. Although Plaintiff Canudas Tirado's FOIA request has been pending with CBP for more than nine months, she has not received the requested records.

55.     Plaintiff Canudas Tirado is applying for immigration benefits that may provide her the opportunity to remain in the United States, including applications for a U visa as the victim of a crime and a self-petition under the Violence Against Women Act. Those applications

Complaint for Decl. and Inj. Relief

14

require her to list her immigration history, including prior entries, and submit applications for waivers for any entries without admission. Ms. Canudas Tirado thus needs CBP to make a determination on her FOIA request and to produce responsive records so that she may support her applications for immigration benefits.

56. Plaintiff Ali Ainab is a U.S. citizen who filed a FOIA request with CBP for records relating to himself. CBP received the request on December 22, 2023, and issued a receipt for the FOIA request, identifying the request by the number CBP-FO-2024-036130. He seeks information about his immigration history, namely his entry and exits from the United States. Although Plaintiff Ainab's FOIA request has been pending with CBP for more than 4 months, he has not received the requested information.

57. Plaintiff Ainab is harmed by CBP's FOIA processing delay. He needs the information in CBP's records related to his entries and exits to provide to the U.S. Embassy in Ankara, Turkey, which is insisting on receipt of this information to demonstrate the length of his residence in the United States. Absent this information, consular officials will not process the applications he has filed to recognize the U.S. citizenship of his two youngest children. Until the applications he filed on behalf of his children are processed, he remains separated from his wife and children.

## CLASS ACTION ALLEGATIONS

58. Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Plaintiffs seek injunctive and corresponding declaratory relief that applies generally to the proposed class, as described below.

59. The proposed class consists of:

> All persons who filed, or will file, FOIA requests with CBP for an individual's records which have been pending, or will be pending, with CBP for more than 30

business days without a determination.

For purposes of the class definition, and notwithstanding whether CBP internally classifies a request as simple or complex, a FOIA request for individual records means a request for records related to an individual, including the individual's entry into and/or exit from the United States; admission, withdrawal of admission, or denial of admission to the United States; criminal history; apprehension, inspection by, or interactions with, CBP employees; and removal, deportation, exclusion, voluntary return, and/or expulsion under any provision of the Immigration and Nationality Act or 42 U.S.C. § 265.

60. The proposed class is so numerous that joinder of all members is impracticable. The number of individuals who filed FOIA requests with CBP is not known with precision by Plaintiffs but is easily ascertainable by Defendants. The FY 2023 DHS FOIA Report indicates that there were 21,444 pending requests in the CBP backlog.

61. Plaintiffs estimate that the number of FOIA requests for an individual's records pending for more than 30 business days with CBP is in the thousands.

62. The proposed class meets the commonality requirement of Rule 23(a)(2) because, inter alia:

- All Plaintiffs and putative class members have or will have FOIA requests that are pending for more than 30 business days without a determination by Defendant CBP;

- Defendant CBP routinely fails to make determinations on FOIA requests within the required statutory timeframe;

- Defendant CBP's backlog represents a pattern or practice of failing to comply with the FOIA deadlines for making determinations;

- Defendants have failed to sufficiently address the backlog, including by failing to allocate adequate budgetary resources to ensure that timely determinations are made on all FOIA requests and by failing to allocate or hire a sufficient number of employees to address the backlog;

- Defendants' position is that 5 U.S.C. § 552(a)(6)(A)(i) does not impose an affirmative obligation or require the agency to make a determination within the 20-business day statutory timeframe; and

- Defendants' position is that 5 U.S.C. § 552(a)(6)(B)(i) does not impose an affirmative obligation or require the agency to make a determination within

the 30-business day statutory timeframe.

63. The claims of Plaintiffs Sanchez Mora, Waldron, García, Canudas Tirado, and Ainab are typical of the claims of the proposed Class as a whole.

64. Plaintiffs know of no conflict between their interests and those of the proposed class. The members of the proposed class are ascertainable and identifiable through notice and discovery. In defending their own rights, Plaintiffs will defend the rights of all class members fairly and adequately.

65. Plaintiffs are represented in this case by counsel with substantial knowledge of immigration and FOIA law, and extensive experience litigating class actions and complex cases. Plaintiffs' attorneys have the requisite level of expertise to adequately prosecute this case on their behalf and on behalf of the proposed class.

66. Defendants have failed to act on grounds generally applicable to each member of the proposed class by failing to respond to FOIA requests for individual records in a timely fashion.

67. A class action is superior to other methods available for the fair and efficient adjudication of this controversy because joinder of all members of the class is impracticable.

## CAUSES OF ACTION

### COUNT ONE

**(Violation of FOIA Against Defendants DHS and CBP)**
**(on behalf of All Plaintiffs and the Proposed Class)**

68. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

69. Defendants DHS and CBP are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FOIA requests for an individual's records and to make a determination concerning each request within the time period set forth in 5 U.S.C. § 552(a)(6)—

20 business days, to be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

70. Defendants DHS and CBP have a nationwide pattern or practice of failing to make determinations regarding FOIA requests for an individual's records within the statutory period. No legal basis exists for the Defendants' nationwide pattern or practice of failing to meet the statutory deadline with respect to the FOIA requests they receive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1) Assume jurisdiction over this action;

(2) Certify a class pursuant to Federal Rule of Civil Procedure 23 in accordance with this Complaint's allegations;

(3) Declare that Defendants' failure to make determinations on Plaintiffs' and proposed class members' FOIA requests filed with Defendant CBP for individual records within the statutory time frame violates the FOIA;

(4) Issue a permanent injunction requiring Defendants to make determinations on FOIA requests for individual records that have already been pending for more than 30 business days with CBP within 60 business days of the Court's order or as the Court deems appropriate;

(5) Issue a permanent injunction requiring Defendants to make determinations within 30 business days on future FOIA requests for individual records filed with CBP, as mandated by 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i);

(6) Award costs and reasonable attorney fees incurred under 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

s/*Trina Realmuto*

Trina Realmuto (CA SBN 201088)
Mary Kenney (DC SBN 1044695)*
Aidan Langston (NY SBN 6082648)*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org
aidan@immigrationlitigation.org

Matt Adams (WA SBN 28287)*
Leila Kang (WA SBN 48048)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org
leila@nwirp.org

Marc Van Der Hout (CA SBN 80778)
Johnny Sinodis (CA SBN 290402)
Van Der Hout LLP
360 Post St., Suite 800
San Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

*Application for *pro hac vice* admission forthcoming

*Attorneys for Plaintiffs*