ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone:  (510) 637-3721
    Facsimile:  (510) 637-3724
    jevechius.bernardoni@usdoj.gov

Attorneys for Defendants U.S. Customs and Border
Protection and U.S. Department of Homeland Security

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIAN SANCHEZ MORA, et al., | Case No. 3:24-cv-02430-TLT |
| Plaintiffs, | |
| v. | **NOTICE OF MOTION AND MOTION TO TRANSFER OR DISMISS** |
| U.S. CUSTOMS AND BORDER PROTECTION, et al., | |
| Defendants. | Date:  August 27, 2024<br>Time: 2:00 p.m.<br>The Honorable Trina L. Thompson |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO TRANSFER OR DISMISS ...................................................1

ISSUES TO BE DECIDED ........................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................................1

I.    Introduction ................................................................................................................................1

II.   Factual Background ...................................................................................................................2

III.  Legal Standards .........................................................................................................................3

      A.    Federal Rule Of Civil Procedure 12(b)(1) ....................................................................3

      B.    Federal Rule of Civil Procedure 12(b)(3) .....................................................................4

      C.    Federal Rule of Civil Procedure 12(b)(6) .....................................................................4

IV.   Argument ....................................................................................................................................5

      A.    Sovereign Immunity Prevents The Plaintiffs Who Do Not Reside In The
            Northern District Of California From Pursuing Their FOIA Claims In This
            District ..............................................................................................................................5

      B.    Even If Section 552(a)(4)(B) Were Considered Non-Jurisdictional, García's,
            Tirado's, and Ainab's Claims Are Improper Here Because Venue Does Not
            Lie In The Northern District Of California ..................................................................9

            1.    Pendent Venue Is Unavailable For García's, Tirado's, And Ainab's
                  FOIA Claims Because Venue Is Governed By The FOIA's Special
                  Venue Provision ...................................................................................................10

            2.    Exercising Pendent Venue Is Also Improper Because This Is A
                  Putative Class Action And Each Named Plaintiff Therefore Must
                  Individually Satisfy Venue ..................................................................................11

      C.    Because This Case Cannot Proceed In The Northern District Of California,
            The Case Should Be Transferred To The District Of Columbia Pursuant To 28
            U.S.C. § 1631, 28 U.S.C. § 1406(a), And/Or 28 U.S.C. § 1404(a) ...............................12

            1.    The FOIA Claims Of García, Tirado, And Ainab Should Be
                  Transferred To The District Of Columbia Under 28 U.S.C. § 1631 Or
                  28 U.S.C. § 1406(a) ..............................................................................................13

            2.    The FOIA Claims Of Sanchez Mora And Waldron Should Be
                  Transferred To The District Of Columbia Under 28 U.S.C. § 1404(a) ..............13

      D.    In The Alternative, The FOIA Claims Against DHS Should Be Dismissed
            Because Plaintiffs Do Not Allege That They Submitted FOIA Requests To
            DHS......................................................................................................................................16

      E.    If Sanchez Mora's And Waldron's FOIA Claims Proceed In This District, The
            Court Should Dismiss The Class Allegations ..................................................................18

V.    Conclusion ........................................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Abissi v. USCIS*, No. 23-cv-03176, 2024 WL 1485887 (D. Md. Apr. 5, 2024) ............................... passim

*Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008 (9th Cir. 2007) ......................................... 7, 8, 19

*Amochaev v. Citigroup Global Mkts. Inc.*,
    No. 05-cv-1298-PJH, 2007 WL 484778 (N.D. Cal. Feb. 12, 2007) ....................................... 11, 12

*Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987 (9th Cir. 2016) ....................................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 5

*Baeta v. Sonchik*, 273 F.3d 1261 (9th Cir. 2001) .................................................... 12, 13

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) .............................. 5

*Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997) .................................................. 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 5

*Boggs v. United States*, 987 F. Supp. 11 (D.D.C. 1997) ....................................... 11

*Brennan Ctr. for Justice at NYU v. U.S. Dep't of Justice*, 697 F.3d 184 (2d Cir. 2012) ........................ 16

*Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010) ................................... 19

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247 (9th Cir. 1979) ................................. 3

*Davis v. California*, 734 F. App'x 560 (10th Cir. 2018) ..................................... 6

*Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999) .................................... 6

*Dreier v. United States*, 106 F.3d 844 (9th Cir. 1997) ...................................... 4

*Dukes v. Wal-Mart Stores, Inc.*,
    No. 01-cv-2252-MJJ, 2001 WL 1902806 (N.D. Cal. Dec. 3, 2001) ....................... 11, 12

*Echols v. Morpho Detection, Inc.*,
    No. 12-cv-1581-CW, 2013 WL 1501523 (N.D. Cal. Apr. 11, 2013) ..................... 10, 11

*FDIC v. Meyer*, 510 U.S. 471 (1994) .............................................................. 6, 7

*Friends of the River v. United States Army Corps of Eng'rs*,
    No. 16-cv-05052-YGR, 2016 WL 6873467 (N.D. Cal. Nov. 22, 2016) ................... 10

*Gabriel v. GSA*, 547 F. App'x 829, 831 (9th Cir. 2013) .................................... 6

*Ghassan v. U.S. DOJ*, No. 22-cv-1615, 2023 WL 1815650 (D.D.C. Feb. 8, 2023) ........................ 17, 18

*Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985) ...................................... 6

*Gonzales & Gonzales Bonds v. U.S. Dep't of Homeland Sec.*,
    No. 11-cv-02267-DMR, 2012 WL 424852 (N.D. Cal. Feb. 9, 2012) ...................... 8

1  *Hajro v. United States Citizenship & Immigration Servs.*, 832 F. Supp. 2d 1095 (N.D. Cal. 2011)........ 18

2  *Hajro v. USCIS*, 811 F.3d 1086 (9th Cir. 2016) ...................................................................... passim

3  *Hernandez v. Campbell*, 204 F.3d 861 n.6 (9th Cir. 2009)........................................................ 12

4  *Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997)......................................................................... 7

5  *Hoffman v. Blaski*, 363 U.S. 335 (1960) ................................................................................. 13

6  *Holmes-Hamilton v. FBI*, No. 21-cv-00702, 2021 WL 5166376 (D. Md. Nov. 5, 2021) ........... 10, 11, 15

7  *Ickes v. AMC Networks Inc.*, No. 23-cv-00803-SI, 2023 WL 4297577 (N.D. Cal. June 30, 2023) ......... 14

8  *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802 (9th Cir. 1991)................................................ 12

9  *In re Scott*, 709 F.2d 717 (D.C. Cir. 1983) .......................................................................... passim

10 *Italian Colors Rest. v. Am. Express Co.*,
      No. 03-cv-3719-SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ...................................... 14

11 *Jachetta v. United States*, 653 F.3d 898 (9th Cir. 2011)........................................................... 6

12

13 *Jackson v. Euphoria Wellness, LLC*,
      No. 20-cv-03297-CRB, 2020 WL 5366419 (N.D. Cal. Sept. 8, 2020)...................................... 14

14 *Jones v. GNC Franchising*, 211 F.3d 495 (9th Cir. 2000) ........................................................ 14

15 *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136 (1980) ............................. 16, 17

16 *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994)................................................ 3

17 *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947) .......................................... 14

18 *Lane v. Pena*, 518 U.S. 187 (1996)......................................................................................... 6

19 *LaVictor v. Trump*, No. 19-cv-01900, 2020 WL 2527192 (D.D.C. May 18, 2020)........................ 16, 17

20 *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) ....................................................................... 14

21 *Matlack, Inc. v. U.S. EPA*, 868 F. Supp. 627 (D. Del. 1994)..................................................... 16

22 *McGuire v. United States*, 550 F.3d 903 (9th Cir. 2008)........................................................... 12

23 *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988)... 4, 5

24 *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004)................................................. 4

25 *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ...................................................................... 4

26 *North Side Lumber Co. v. Block*, 753 F.2d 1482 (9th Cir. 1985) ............................................... 5, 8

27 *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990) .......................................................... 19

28 *Our Children's Earth Found. v. EPA*,
      No. 08-cv-01461-SBA, 2008 WL 3181583 (N.D. Cal. Aug. 4, 2008)............................... 8, 13, 15

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979)...................................4, 9

*Poulos v. Caesars World, Inc.*, 379 F.3d 654 (9th Cir. 2004) ..................................................................18

*Pruitt v. J.P. Morgan Chase*, No. 15-cv-04778, 2016 WL 11794182 (C.D. Cal. June 30, 2016)...... 10, 11

*RadioShack Corp. v. United States*, 105 Fed. Cl. 617 (2012) ...................................................................19

*Rae v. Hawk*, No. 98-1099, 2001 WL 37155163 (D.D.C. Mar. 7, 2001) ...................................................17

*Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009) ...........................................................................4

*Rosenfeld v. United States DOJ,*
    No. 07-cv-03240-MHP, 2008 WL 3925633 (N.D. Cal. Aug. 22, 2008) ..........................................18

*Rosiere v. United States*, 693 F. App'x 556 (9th Cir. 2017)........................................................................8

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)..................................................................4

*Saravia v. Sessions*, 280 F. Supp. 3d 1168 (N.D. Cal. 2017) .........................................................4, 11, 12

*Savage v. Glendale Union High School*, 343 F.3d 1036 (9th Cir. 2003)......................................................4

*Sierra Club v. TVA*, 905 F. Supp. 2d 356 (D.D.C. Nov. 29, 2012) .............................................................2

*Spurlock v. FBI*, 69 F.3d 1010 (9th Cir. 1995) .........................................................................................17

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .............................................................................................5

*Stuler v. IRS*, No. 12-cv-0391, 2012 WL 1893579 (W.D. Pa. May 24, 2012) ............................................6

*Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495 (9th Cir. 2001)..................................4

*United States v. Park Place Assocs., Ltd.*, 563 F.3d 907 (9th Cir. 2009) ..............................................7, 19

*United States v. White Mountain Apache Tribe*, 537 U.S. 465 (2003) ........................................................6

*Vacek v. United States Postal Serv.*, 447 F.3d 1248 (9th Cir. 2006) ...........................................................6

*Weinberger v. Salfi*, 422 U.S. 749 (1975)..................................................................................................19

*Whitaker v. DOC*, 970 F.3d 200 (2nd Cir. 2020).......................................................................................16

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000)...............................................................................................4

*Yagman v. Pompeo*, 868 F.3d 1075 (9th Cir. 2017) .....................................................................6, 7, 8, 19

*Zamorano v. Garland*, 2 F.4th 1213 (9th Cir. 2021) .........................................................................7, 9, 19

## Statutes

28 U.S.C. § 1331 ........................................................................................................................................5, 8

28 U.S.C. § 1391(e)(1)..................................................................................................................................10

28 U.S.C. § 1404(a) .............................................................................................................................. passim

28 U.S.C. § 1406(a) .................................................................................................. 1, 12, 13

28 U.S.C. § 1631 ...................................................................................................... 1, 12, 13

28 U.S.C. §§ 2201-2202 ................................................................................................... 5

5 U.S.C. § 552(a)(4)(B) ........................................................................................... passim

**Other Authorities**

Dep't of Justice, Guide to the Freedom of Information Act § 3-17.100B (2012) ...................................... 2

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ............................................................... 1, 3, 4

Federal Rule of Civil Procedure 12(b)(3) ..................................................................... 1, 4

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 1, 4, 5

Federal Rule of Civil Procedure 23 .......................................................................... 18, 19

**Treatises**

14D Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 3807 (4th ed. 2023) ................................................ 9, 14

14D Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 3808 (4th ed. 2023) ................................................... 10

**Regulations**

6 C.F.R. § 5.1(c) ........................................................................................................ 3, 17

6 C.F.R. § 5.3(a) ....................................................................................................... 3, 17

6 C.F.R. § 5.4(a) ....................................................................................................... 3, 17

## NOTICE OF MOTION AND MOTION TO TRANSFER OR DISMISS

PLEASE TAKE NOTICE that on August 27, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Trina L. Thompson, defendants U.S. Customs and Border Protection ("CBP") and U.S. Department of Homeland Security ("DHS" and, collectively with CBP, "Defendants"), will and hereby do move to transfer this case to the District of Columbia or, in the alternative, dismiss various aspects of this lawsuit. This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) and transfer statutes 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), and/or 28 U.S.C. § 1404(a). This motion is based on this Notice; the Memorandum of Points and Authorities; the pleadings, records, and files in this case; other matters of which the Court takes judicial notice; and such other written or oral argument as may be presented at or before the time the Court takes this motion under submission.

## ISSUES TO BE DECIDED

1.     Whether, under 5 U.S.C. § 552(a)(4)(B), this Court has subject matter jurisdiction over the FOIA claims of Plaintiffs García, Tirado, and Ainab;

2.     Whether, under 5 U.S.C. § 552(a)(4)(B), venue is proper in the Northern District of California;

3.     Whether this lawsuit should be transferred to the United States District Court for the District of Columbia ("District of Columbia") pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), and/or 28 U.S.C. § 1404(a);

4.     Whether the pattern or practice FOIA claim alleged against DHS should be dismissed because Plaintiffs do not allege that they submitted any FOIA requests to DHS; and

5.     Whether the Court should dismiss the class allegations for lack of subject matter jurisdiction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

In this lawsuit, Plaintiffs—two of whom reside in the Northern District of California, three of whom do not—seek to certify the second ever nationwide Freedom of Information Act ("FOIA") class

1    action. But this case cannot be litigated in the Northern District of California because the special forum

2    provision in the FOIA prevents the Plaintiffs who do not reside in this District (*i.e.*, García, Tirado, and

3    Ainab) from pursuing their FOIA claims here.

4          Crucially, there is a federal district court that has jurisdiction over the FOIA claims of *all* the

5    Plaintiffs in this lawsuit, but it is *not* the Northern District of California. Instead, the proper forum for this

6    lawsuit is the District of Columbia, which is the "all-purpose," "universal venue for FOIA lawsuits[.]" *In*

7    *re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983); *Sierra Club v. TVA*, 905 F. Supp. 2d 356, 359 (D.D.C. Nov.

8    29, 2012) (quoting Dep't of Justice, Guide to the Freedom of Information Act § 3-17.100B (2012)).

9    Because the FOIA claims in this case cannot all be litigated in the Northern District of California, the

10   lawsuit should be transferred to the District of Columbia, which is the only forum that can consider the

11   claims of all the Plaintiffs. Indeed, transfer to the District of Columbia would remedy almost all of the

12   jurisdictional and venue deficiencies described in this motion.

13         To the extent the Court does not transfer the case to the District of Columbia, it nevertheless should

14   dismiss García's, Tirado's, and Ainab's FOIA claims for lack of jurisdiction and/or improper venue. The

15   Court should also dismiss DHS because Plaintiffs do not allege that they submitted any FOIA requests to

16   DHS and there is thus no basis for a FOIA pattern or practice claim against DHS. Finally, to the extent

17   this lawsuit proceeds in the Northern District of California, the Court should dismiss the class allegations

18   for lack of subject matter jurisdiction.

19   **II.    Factual Background**

20         Plaintiff Julian Sanchez Mora ("Sanchez Mora") is an immigration and criminal defense attorney

21   at Immigrant Crime and Justice LLP, a law firm in San Francisco, California. ECF No. 1 ("Compl.") ¶ 16.

22   Sanchez Mora resides in the Northern District of California. *Id.* ¶ 13. Plaintiff Siobhan Waldron

23   ("Waldron") is an immigration attorney with Immigrant Legal Defense, a nonprofit organization based in

24   Oakland, California. *Id.* ¶ 17. Waldron also resides in the Northern District of California. *Id.* ¶ 13.

25   Plaintiff Carlos Moctezuma García ("García") is an attorney practicing immigration and criminal law at

26   García & García, Attorneys at Law P.L.L.C., in McAllen, Texas. *Id.* ¶ 18. Plaintiff Brenda Canudas

27   Tirado ("Tirado") is an individual who resides in Renton, Washington. *Id.* ¶ 19. Plaintiff Ali Ainab

28   ("Ainab") is an individual who resides in Somerville, Massachusetts. *Id.* ¶ 20.

Plaintiffs claim that they submitted FOIA requests to CBP and that CBP failed to respond to those FOIA requests within 30 days. *Id.* ¶¶ 16-20. Plaintiffs do not allege that they submitted any FOIA requests to DHS. As set forth in published regulations, DHS has a decentralized organization for the processing of FOIA requests received by its components. 6 C.F.R. § 5.3(a) ("DHS has a decentralized system for responding to FOIA requests, with each component designating a FOIA office to process records from that component"); 6 C.F.R. § 5.1(c) ("DHS has a decentralized system for processing requests, with each component handling requests for its records"). As a result, subject to exceptions that do not apply here, 6 C.F.R. § 5.4(a) requires that "the component that first receives a request for a record and maintains that record is the component responsible for responding to the request."

Plaintiffs filed the above-captioned putative class action in the Northern District of California on April 24, 2024. *See* Compl. The only alleged basis for filing suit in this District is that "Plaintiffs Sanchez Mora and Waldron reside in this District[.]" *Id.* ¶ 13. The Complaint asserts one cause of action, claiming that Defendants have an alleged pattern or practice of failing to make determinations within 30 days of the submission to CBP of FOIA requests seeking individuals' CBP records. *Id.* ¶¶ 68-70. Plaintiffs seek to certify a nationwide class consisting of:

> All persons who filed, or will file, FOIA requests with CBP for an individual's records which have been pending, or will be pending, with CBP for more than 30 business days without a determination.

> For purposes of the class definition, and notwithstanding whether CBP internally classifies a request as simple or complex, a FOIA request for individual records means a request for records related to an individual, including the individual's entry into and/or exit from the United States; admission, withdrawal of admission, or denial of admission to the United States; criminal history; apprehension, inspection by, or interactions with, CBP employees; and removal, deportation, exclusion, voluntary return, and/or expulsion under any provision of the Immigration and Nationality Act or 42 U.S.C. § 265.

*Id.* ¶ 59.

## III. Legal Standards

### A. Federal Rule Of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979); *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the federal court's] limited

jurisdiction."). A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. A factual challenge, on the other hand, allows the court to look beyond the complaint without "presum[ing] the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). On a Rule 12(b)(1) motion, the Court can hear evidence outside the pleadings and resolve factual disputes, if necessary, without treating the motion as one for summary judgment. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997).

### B.    Federal Rule of Civil Procedure 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. After a defendant challenges venue, the plaintiff has the burden to show that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1188 (N.D. Cal. 2017), *aff'd sub nom. Saravia ex rel. A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). When considering a Rule 12(b)(3) motion, the court need not accept as true all allegations in the complaint and may consider facts outside the pleadings. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). Still, the Court "is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

### C.    Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) challenge disputes "the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there

is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), make clear that conclusory allegations are no longer sufficient to withstand a challenge under Rule 12(b)(6). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" only if the complaint pleads facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court must treat all factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In light of *Twombly* and *Iqbal*, the Ninth Circuit has articulated a two-part test that the plaintiff must pass to survive a motion to dismiss.

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.    Argument

### A.    Sovereign Immunity Prevents The Plaintiffs Who Do Not Reside In The Northern District Of California From Pursuing Their FOIA Claims In This District

The only waiver of the government's sovereign immunity identified in the Complaint is 5 U.S.C. § 552, and the only basis for initiating suit in this forum is that two of the Plaintiffs (Sanchez Mora and Waldron) reside in the Northern District of California.[1] Compl. ¶¶ 12-13. But, far from showing that the

---

[1] The Complaint contends that subject matter jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act) (Compl. ¶ 12), but neither of these statutes constitutes a waiver of the government's sovereign immunity or is an independent basis for jurisdiction. *See, e.g.*, *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 & n.3 (9th Cir. 1985) ("[T]he analysis of jurisdiction cannot stop with § 1331, because the claims in this case are in essence against the federal government, and thus are barred by sovereign immunity unless the government has consented to suit. . . . Title 28 U.S.C. § 1331 does not itself waive sovereign immunity."); *Morongo*, 858 F.2d at 1382-83 ("[Plaintiff] is also precluded from grounding jurisdiction on the Declaratory Judgment Act, The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an

case can proceed in this District, these allegations demonstrate that this Court *does not* have subject matter jurisdiction over the FOIA claims of the three Plaintiffs who reside outside the Northern District of California (García, Tirado, and Ainab).  The cited provision, 5 U.S.C. § 552(a)(4)(B), is "a limited waiver of the government's sovereign immunity," *Stuler v. IRS*, No. 12-cv-0391, 2012 WL 1893579, at *2 (W.D. Pa. May 24, 2012); *see also Davis v. California*, 734 F. App'x 560, 564 (10th Cir. 2018), and the Ninth Circuit describes this provision as the "'jurisdiction-granting' provision" of the FOIA.  *Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017); *see also Hajro v. USCIS*, 811 F.3d 1086, 1101 (9th Cir. 2016) (calling Section 552(a)(4)(B) the "FOIA's waiver of immunity and jurisdictional grant[.]").  Because García, Tirado, and Ainab do not reside in the Northern District of California and do not otherwise qualify under Section 552 to bring a FOIA action in this District, their FOIA claims fall outside the government's limited waiver of sovereign immunity.

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  "Before [a court] may exercise jurisdiction over any suit against the government, [the court] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'"  *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted)).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted); *Gilbert*, 756 at 1458 ("Such waiver cannot be implied, but must be unequivocally expressed.") (citation omitted).  "'[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'"  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).  Plaintiffs bear the burden of establishing "some form of statutory authorization

---

independent basis for jurisdiction.") (citation omitted); *Gabriel v. GSA*, 547 F. App'x 829 (9th Cir. 2013) (stating that "we have consistently held that § 1331 does not waive the government's sovereign immunity from suit" and holding that the "Declaratory Judgment Act does not constitute an independent basis for jurisdiction.") (citations and quotation marks omitted).

1    for their claims. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

2    "The terms of the United States' consent to be sued in any court define that court's jurisdiction to

3    entertain the suit." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). As such, "[t]o confer subject

4    matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there

5    must be statutory authority vesting a district court with subject matter jurisdiction," as "the cornerstone of

6    federal subject matter jurisdiction is statutory authorization." *Alvarado*, 509 F.3d at 1016; *accord Meyer*,

7    510 U.S. at 475 ("[T]he terms of the United States' consent to be sued in any court define that court's

8    jurisdiction to entertain the suit.") (internal quotation marks and brackets omitted). Courts "simply cannot

9    waive sovereign immunity where Congress has not." *Hajro*, 811 F.3d at 1099 (upholding sovereign-

10   immunity defense in FOIA settlement-enforcement case); *Zamorano v. Garland*, 2 F.4th 1213, 1225 (9th

11   Cir. 2021) ("[f]ederal courts must scrupulously confine their own jurisdiction to the precise limits which

12   a federal statute has defined" and "cannot overrule Congress's limits on [their] subject-matter

13   jurisdiction") (quotation marks omitted). Where a statute "supplies both a basis for the exercise of subject

14   matter jurisdiction and a concomitant waiver of sovereign immunity in [a particular court]," the statute "is

15   a package deal—the waiver of sovereign immunity is coextensive with the jurisdiction the statute confers"

16   and "neither waives sovereign immunity for suit in, nor confers jurisdiction on, [any other court]." *United*

17   *States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009) (discussing the Tucker Act).

18   Section 552(a)(4)(B) expressly conditions the government's limited waiver of sovereign immunity

19   by vesting "jurisdiction" to hear FOIA disputes in specifically identified district courts.

20   Section 552(a)(4)(B) provides:

21          On complaint, the district court of the United States in the district [(1)] in which the
            complainant resides, or has his principal place of business, or [(2)] in which the agency
22          records are situated, or [(3)] in the District of Columbia, has jurisdiction to enjoin the
            agency from withholding agency records and to order the production of any agency records
23          improperly withheld from the complainant."

24   5 U.S.C. § 552(a)(4)(B). The forum provisions of Section 552(a)(4)(B) are a "package deal" with the

25   government's statutory waiver of sovereign immunity; the FOIA's waiver of sovereign immunity for suit

26   in those forums thus "neither waives sovereign immunity for suit in, nor confers jurisdiction on, [any other

27   court]." *Park Place Assocs., Ltd.*, 563 F.3d at 927. Indeed, the Ninth Circuit has repeatedly described the

28   forum provisions of Section 552(a)(4)(B) in jurisdictional terms. For example, in *Yagman*, the Ninth

Circuit held that Section 552(a)(4)(B) is the FOIA's "'jurisdiction-granting' provision[.]"  868 F.3d at 1083.  Similarly, in *Hajro*, the Ninth Circuit described Section 552(a)(4)(B) as the "FOIA's waiver of immunity and jurisdictional grant[.]"  811 F.3d at 1101.  And in *Rosiere v. United States*, the Ninth Circuit affirmed dismissal of a FOIA action where "the district court lacked jurisdiction" over the plaintiff's FOIA complaint.  693 F. App'x 556, 557 (9th Cir. 2017) (quoting the forum provisions in Section 552(a)(4)(B)).

Here, García, Tirado, and Ainab do not reside in the Northern District of California.  Compl. ¶¶ 18-20.  And those Plaintiffs do not allege that they have a principal place of business in this District or that the records at issue in their FOIA requests are situated in this District.  As such, García, Tirado, and Ainab do not show a statutory waiver of the government's sovereign immunity that would allow them to pursue their FOIA claims in the Northern District of California.  *Alvarado*, 509 F.3d at 1016.  Because García's, Tirado's, and Ainab's lawsuit in the Northern District of California falls outside the scope of the government's limited waiver of sovereign immunity in Section 552(a)(4)(B), García, Tirado, and Ainab cannot pursue their FOIA claims in this forum.

While several cases in this District—all pre-dating *Yagman* and *Hajro*—have held that Section 552(a)(4)(B) is a venue provision and not a "jurisdiction conferring statute," *see, e.g.*, *Our Children's Earth Found. v. EPA*, No. 08-cv-01461-SBA, 2008 WL 3181583, at *5-6 (N.D. Cal. Aug. 4, 2008); *Gonzales & Gonzales Bonds v. U.S. Dep't of Homeland Sec.*, No. 11-cv-02267-DMR, 2012 WL 424852, at *3 (N.D. Cal. Feb. 9, 2012), subsequent Ninth Circuit caselaw expressly, and repeatedly, clarifies that Section 552(a)(4)(B) is in fact a "jurisdiction-granting provision," and this Court is bound by that precedent.  *See Yagman*, 868 F.3d at 1083; *Hajro*, 811 F.3d at 1101; *see also Rosiere*, 693 F. App'x at 557 (analyzing Section 552(a)(4)(B) in jurisdictional terms).  Further, because *Our Children's Earth Foundation* and *Gonzales* both based their analysis on 28 U.S.C. § 1331, they failed to consider sovereign immunity under the correct statute since "Title 28 U.S.C. § 1331 does not itself waive sovereign immunity."  *North Side Lumber Co.*, 753 F.2d at 1484 & n.3.  Instead, "the existence of consent to suit is a prerequisite for jurisdiction," and, to overcome sovereign immunity, there must be an express waiver of immunity—which Section 1331 is not—and statutory authority vesting a district court with subject matter jurisdiction.  *Alvarado*, 509 F.3d at 1016.  That is the purpose of Section 552(a)(4)(B); it is not merely a venue statute, but rather it provides the statutory authority needed to establish jurisdiction.

1   Section 552(a)(4)(B) vests jurisdiction only with certain enumerated district courts, and this Court cannot

2   enlarge the scope of the government's statutory waiver of sovereign immunity.  *See Hajro*, 811 F.3d at

3   1100 ("A waiver of sovereign immunity means the United States is amenable to suit in a court properly

4   possessing jurisdiction; it does not guarantee a forum."); *Zamorano*, 2 F.4th at 1225 ("[f]ederal courts

5   must scrupulously confine their own jurisdiction to the precise limits which a federal statute has defined").

6   Accordingly, the conclusion in *Our Children's Earth Foundation* and *Gonzales* that Section 552(a)(4)(B)

7   is only a venue statute should not be adopted in this case.

8       In short, the government did not consent to permit individuals like García, Tirado, and Ainab, each

9   of whom resides outside the Northern District of California, to litigate their FOIA claims against

10  Defendants in this District.

11      **B.      Even If Section 552(a)(4)(B) Were Considered Non-Jurisdictional, García's,**

12      **Tirado's, and Ainab's Claims Are Improper Here Because Venue Does Not Lie In**
        **The Northern District Of California**

13      To the extent Section 552(a)(4)(B) is considered, contrary to Ninth Circuit precedent, solely a

14  venue statute rather than a jurisdiction-granting provision, that statute demonstrates that venue is improper

15  in this District.  Under the FOIA, venue must be proper "as to each claim and as to each party."  *Abissi v.*

16  *USCIS*, No. 23-cv-03176, 2024 WL 1485887, at *1 (D. Md. Apr. 5, 2024) (analyzing venue under 5 U.S.C.

17  § 552(a)(4)(B)); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3807 (4th

18  ed. 2023) ("Wright & Miller").

19      Here, Plaintiffs cannot meet their burden of demonstrating that venue is proper with respect to the

20  FOIA claims of García, Tirado, and Ainab.  *Abissi*, 2024 WL 1485887, at *1-2 (holding that venue in the

21  District of Maryland was not proper for a FOIA action where only two of the seven plaintiffs resided in

22  that district because "venue must be proper as to each claim and as to each party"); *Piedmont Label Co.*,

23  598 F.2d at 496 (plaintiffs bear the burden of establishing proper venue).  García, Tirado, and Ainab are

24  not Northern District of California residents.  Instead, García's principal place of business is in McAllen,

25  Texas (Compl. ¶ 18); Tirado resides in Renton, Washington (*id.* ¶ 19); and Ainab resides in Somerville,

26  Massachusetts (*id.* ¶ 20).  García, Tirado, and Ainab also do not allege that the records underlying their

27  FOIA requests are situated in this District.  As a result, García, Tirado, and Ainab identify no statutory

28  basis for bringing their FOIA claims in the Northern District of California.  *See* 5 U.S.C. § 552(a)(4)(B).

Because venue must be proper for each claim and for each party, the Northern District of California "is therefore not a proper venue for this action." *Abissi*, 2024 WL 1485887, at *2.[2]

1.    **Pendent Venue Is Unavailable For García's, Tirado's, And Ainab's FOIA Claims Because Venue Is Governed By The FOIA's Special Venue Provision**

The Court cannot exercise pendent venue over García's, Tirado's, and Ainab's FOIA claims simply because Sanchez Mora and Waldron—who do reside in the Northern District of California—brought their claims here.  Pendent venue is a "judge-made doctrine that permits a court to hear claims for which venue does not properly lie in the district when they are closely related to claims for which venue is proper." *Abissi*, 2024 WL 1485887, at *3 (discussing pendent venue in the FOIA context); 14D Wright & Miller § 3808.  However, "[w]here claims are governed by a special venue statute . . . , which limits venue to specified districts, such claims may be brought only in a district specified by the statute." *Echols v. Morpho Detection, Inc.*, No. 12-cv-1581-CW, 2013 WL 1501523, at *6 (N.D. Cal. Apr. 11, 2013) (citation and quotation marks omitted); *see also Abissi*, 2024 WL 1485887, at *3 (courts are "hesitant to employ pendent venue" in cases where "Congress has enacted a special venue provision for the claim at issue.").  "Put differently, courts will not apply the pendent venue doctrine to defeat Congress's intention that certain types of claims be heard in specific places." *Pruitt v. J.P. Morgan Chase*, No. 15-cv-04778, 2016 WL 11794182, at *6 n.5 (C.D. Cal. June 30, 2016).

Courts facing the precise scenario presented by Plaintiffs' lawsuit (*i.e.*, a FOIA lawsuit brought by multiple plaintiffs where only a subset of the plaintiffs' FOIA claims are properly venued) routinely find that pendent venue does not apply to the improperly venued FOIA claims.  That outcome holds true even when the improperly venued FOIA claims are "nearly identical" to the properly venued FOIA claims.  *See Holmes-Hamilton v. FBI*, No. 21-cv-00702, 2021 WL 5166376, at *4 (D. Md. Nov. 5, 2021).  For example, *Holmes-Hamilton* was a FOIA lawsuit in which the claims of two of the three plaintiffs were properly venued in the District of Maryland; the third plaintiff was not a Maryland resident, and the plaintiffs did not allege that the agency maintained the records at issue in the District of Maryland.  *Id.*

---

[2] The Complaint also invokes the general venue provision in 28 U.S.C. § 1391(e)(1) (Compl. ¶ 13), but Section 1391(e)(1) does not apply in this FOIA action.  *See Friends of the River v. United States Army Corps of Eng'rs*, No. 16-cv-05052-YGR, 2016 WL 6873467, at *2 (N.D. Cal. Nov. 22, 2016).

The court refused pendent venue over the third plaintiff's claims, stating "the Court is unaware of any authority showing that other courts have exercised pendent venue in a FOIA records action in a similar circumstance.  In fact, at least one court has previously cautioned against doing so because of concerns over forum shopping."  *Id.* at 4 (citing *Boggs v. United States*, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997)).  The *Holmes-Hamilton* court buttressed its decision not to exercise pendent venue by noting that there was a statutorily authorized "venue where all three Plaintiffs' claims can remain together:  The District of Columbia."  *Id.* at 5.  The *Abissi* court came to the exact same conclusion; it "decline[d] to invoke pendent venue" where five of the seven FOIA plaintiffs were improperly venued in the District of Maryland.  *Abissi*, 2024 WL 1485887, at *3.

Congress codified the FOIA-specific venue provision with the intention that FOIA claims be heard in specific places, *cf. Pruitt*, 2016 WL 11794182, at *6 n.5; *Echols*, 2013 WL 1501523, at *6, and that provision unambiguously demonstrates that García, Tirado, and Ainab cannot bring their FOIA claims in the Northern District of California.  Exercising pendent venue over García's, Tirado's, and Ainab's FOIA claims in this case thus would defeat congressional intent.  And defeating that congressional intent would be especially fraught in the FOIA context of this case because Congress provided a universal, "all-purpose" forum where *all* the Plaintiffs' FOIA claims can be adjudicated together:  the District of Columbia.  *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983); *Holmes-Hamilton*, 2021 WL 5166376, at *5; 5 U.S.C. § 552(a)(4)(B).  Simply stated, just like the *Holmes-Hamilton* and *Abissi* courts found, pendent venue does not permit García, Tirado, and Ainab to bring their FOIA claims in this District.

## 2.    Exercising Pendent Venue Is Also Improper Because This Is A Putative Class Action And Each Named Plaintiff Therefore Must Individually Satisfy Venue

"[A]s a general rule, [] in class action settings, each plaintiff must individually satisfy venue."  *Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-2252-MJJ, 2001 WL 1902806, at *5 (N.D. Cal. Dec. 3, 2001); *Saravia*, 280 F. Supp. 3d at 1191 ("At least in most instances, the rule in a proposed class action is that each named plaintiff must independently establish venue."); *Amochaev v. Citigroup Global Mkts. Inc.*, No. 05-cv-1298-PJH, 2007 WL 484778, at *1 (N.D. Cal. Feb. 12, 2007) (holding with respect to Title VII of the Civil Rights Act that "[w]hile Congress expanded a plaintiff's venue choices by enacting specific venue provisions for Title VII actions, there is no evidence in the language of the statute or the statute's

1  legislative history that Congress intended to abrogate the requirement that each named plaintiff satisfy the

2  venue requirements").  Because each named plaintiff in a class action seeks to proceed not only in an

3  individual capacity but also in a representative capacity, "each [named] plaintiff must be competent to

4  sue." *Dukes*, 2001 WL 1902806, at *4.

5      This lawsuit is a putative class action.  And, as demonstrated above, García, Tirado, and Ainab

6  cannot "individually satisfy venue" because they do not reside in the Northern District of California and

7  do not allege that the records responsive to their FOIA requests are situated in the Northern District of

8  California.  Compl. ¶¶ 18-20; *Saravia*, 280 F. Supp. 3d at 1191.  As a result, Plaintiffs cannot invoke

9  pendent venue over García's, Tirado's, and Ainab's FOIA claims without also eviscerating the separate

10  class action "requirement" that "each named plaintiff must independently establish venue." *Saravia*, 280

11  F. Supp. 3d at 1191; *Amochaev*, 2007 WL 484778, at *1.

12      This is a fundamental problem with Plaintiffs' putative class action in the Northern District of

13  California.  But there is an easy solution to this predicament; Plaintiffs could have—and should have—

14  brought their putative class action in the universal, all-purpose venue for FOIA actions:  the District of

15  Columbia.

16      **C.    Because This Case Cannot Proceed In The Northern District Of California, The Case Should Be Transferred To The District Of Columbia Pursuant To 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), And/Or 28 U.S.C. § 1404(a)**

17

18      Where a court lacks jurisdiction over a civil action, the court may dismiss the case or, in the interest

19  of justice, transfer such action to any other court in which the action could have been brought at the time

20  it was filed.  28 U.S.C. § 1631; *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2009)

21  (Section 1631 "allows transfer to cure want of jurisdiction"); *see also McGuire v. United States*, 550 F.3d

22  903, 914-15 (9th Cir. 2008).  Similarly, if venue is improper, a court may either dismiss the case without

23  prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it

24  could have been brought."  28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804

25  (9th Cir. 1991) (any dismissal for improper venue must be without prejudice).  Ordinarily, the interest of

26  justice requires transfer rather than dismissal.  *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir.

27  2001).  Finally, for the convenience of parties and witnesses and in the interest of justice, a court may

28  transfer a civil action to any other district where it might have been brought.  28 U.S.C. § 1404(a).

"Section 1404(a) was designed to protect litigants, witnesses and the public against unnecessary inconvenience and expense[,] ensure systemic integrity and fairness in the judicial process, and the efficient administration of the court system."  *Our Children's Earth Found.*, 2008 WL 3181583, at *4 (cleaned up).

### 1. The FOIA Claims Of García, Tirado, And Ainab Should Be Transferred To The District Of Columbia Under 28 U.S.C. § 1631 Or 28 U.S.C. § 1406(a)

As a result of the FOIA's special forum provision, 5 U.S.C. § 552(a)(4)(B), there is no basis for García, Tirado, and Ainab to pursue their FOIA claims in the Northern District of California.  *Supra* Parts IV.A & IV.B.  Unlike the Northern District of California, however, the District of Columbia is an "all-purpose forum in FOIA cases," and García, Tirado, and Ainab unquestionably could have brought their FOIA claims there.  *In re Scott*, 709 F.2d at 720; 5 U.S.C. § 552(a)(4)(B) (FOIA lawsuits are proper "in the District of Columbia").   Because the interest of justice typically requires transfer rather than dismissal, *Baeta*, 273 F.3d at 1264-65, García's, Tirado's, and Ainab's FOIA claims should be transferred to the District of Columbia pursuant to 28 U.S.C. § 1631 (to the extent the Court's analysis is premised on lack of subject matter jurisdiction, *see supra* Part IV.A) or 28 U.S.C. § 1406(a) (to the extent the Court's analysis is premised on improper venue, *see supra* Part IV.B).[3]

### 2. The FOIA Claims Of Sanchez Mora And Waldron Should Be Transferred To The District Of Columbia Under 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), Sanchez Mora's and Waldron's FOIA claims should also be transferred to the District of Columbia.  In analyzing a transfer motion under Section 1404(a), a court must determine, as a threshold matter, if the action subject to the motion to transfer "might have been brought" in the transferee district (*i.e.*, the district to which the moving party seeks to transfer the action).  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  Next, a court must analyze whether the transfer would serve "the interest of justice" and "the convenience of parties and witnesses."  *Our Children's Earth Found.*, 2008 WL 3181583, at *4.  In making this determination, the court may consider:  (1) the plaintiff's choice of

---

[3] If García's, Tirado's, and Ainab's FOIA claims are not transferred to the District of Columbia and the case proceeds in the Northern District of California, García, Tirado, and Ainab should be dismissed from this lawsuit for either lack of jurisdiction or improper venue.

1  forum; (2) the parties' convenience; (3) the witnesses' convenience; (4) ease of access to the evidence;

2  (5) familiarity of each forum with the applicable law; (6) the feasibility of consolidation with other claims;

3  (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each

4  forum.  *Id.*; *see also Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Finally, "[w]hen

5  venue is proper with respect to some, but not all, parties, district courts have discretion to transfer the

6  entire case to a proper venue."  *Abissi*, 2024 WL 1485887, at *4 (citing 14D Wright & Miller § 3807 and

7  analyzing transfer in the FOIA context).

8      Here, it is indisputable that Sanchez Mora and Waldron could have brought their FOIA claims in

9  the District of Columbia because that is the "all-purpose forum in FOIA cases."  *In re Scott*, 709 F.2d at

10  720.  In addition, almost all the factors the Court considers while analyzing a Section 1404(a) transfer

11  motion weigh in favor of transferring Sanchez Mora's and Waldron's FOIA claims to the District of

12  Columbia.

13      Sanchez Mora's and Waldron's choice of venue should be afforded minimal weight because this

14  putative class action is not limited to this District but rather seeks to certify a nationwide class.  "[W]hen

15  an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given

16  less weight."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Koster v. (Am.) Lumbermens

17  Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (in a class action, "where there are hundreds of potential

18  plaintiffs, . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum

19  is considerably weakened.").  Courts in this District routinely transfer class actions brought by named

20  plaintiffs residing in this District because a class plaintiff's choice of forum is given less weight.  *See, e.g.*,

21  *Ickes v. AMC Networks Inc.*, No. 23-cv-00803-SI, 2023 WL 4297577, at *5 (N.D. Cal. June 30, 2023);

22  *Jackson v. Euphoria Wellness, LLC*, No. 20-cv-03297-CRB, 2020 WL 5366419, at *9 (N.D. Cal. Sept. 8,

23  2020); *Italian Colors Rest. v. Am. Express Co.*, No. 03-cv-3719-SI, 2003 WL 22682482, at *3-4 (N.D.

24  Cal. Nov. 10, 2003).  Here, Plaintiffs' choice of forum is entitled to even less weight than the plaintiffs in

25  those cases given that all the named plaintiffs in those cases resided in this District, whereas in this case

26  three of the five Plaintiffs *do not* reside in this District.

27      The parties' convenience, the witnesses' convenience, and the ease of access to the evidence

28  factors all weigh heavily in favor of transfer to the District of Columbia.  This is a FOIA action, which

will almost certainly be decided by dispositive motion practice, not trial, *see Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987, 989 (9th Cir. 2016); *see also* ECF No. 35 ¶ 18 (agreeing that "it is unlikely that a trial will be necessary in this matter").  As a result, Sanchez Mora and Waldron will not have to travel to the District of Columbia for trial.  ECF No. 35 ¶ 18.  And transferring this case to the District of Columbia will pose minimal inconvenience to Plaintiffs' counsel because Plaintiffs' lead counsel is based in Brookline, Massachusetts (ECF No. 1), with additional counsel in Seattle and San Francisco (*id.*).  As such, litigating this case will require Plaintiffs and their counsel to engage in nationwide coordination, regardless of where the lawsuit proceeds, and the District of Columbia is closer for Plaintiffs' lead counsel than this District.  In contrast, transferring this case to the District of Columbia would be far more convenient for Defendants because the agencies are headquartered in that district; almost all of the Defendants' witnesses, FOIA personnel, and agency counsel are located in that district or its surrounding areas; and the evidence relating to Plaintiffs' pattern or practice FOIA claim is situated in that district and/or the surrounding areas.

The feasibility of consolidation with other claims factor also weighs overwhelmingly in favor of transfer.  Absent transfer of Sanchez Mora's and Waldron's FOIA claims to the District of Columbia, this case will proceed simultaneously in two different forums because, as established above, Plaintiffs' FOIA claims *cannot* be consolidated in the Northern District of California.  *Supra* Part IV.A-B.  Transferring some, but not all, of the Plaintiffs' claims to the District of Columbia would pose significant concerns for judicial economy and would risk inconsistent judicial outcomes.  *See Our Children's Earth Found.*, 2008 WL 3181583, at *4 ("Section 1404(a) was designed to . . . ensure systemic integrity and fairness in the judicial process, and the efficient administration of the court system").  Indeed, the *Abissi* and *Holmes-Hamilton* courts both transferred the entire case (including the properly venued and improperly venued FOIA claims) to the District of Columbia for precisely these reasons.  *Abissi*, 2024 WL 1485887, at *4 (finding that the relevant "factors favor transfer of the entire case [to the District of Columbia], rather than splitting this case in two and requiring it to proceed in a piecemeal manner"); *Holmes-Hamilton*, 2021 WL 5166376, at *5 (ordering that "the case, in its entirety, shall be transferred to the United States District Court for the District of Columbia").

The remaining factors (*i.e.*, local interest in the controversy, familiarity of each forum with the

1  applicable law, and the relative court congestion and time to trial in each forum) are neutral or favor

2  transfer of this putative nationwide class action.  Because Plaintiffs seek nationwide class relief, the

3  Northern District of California does not have any special local interest in the controversy.  Instead, the

4  District of Columbia has a greater local interest in interpreting the FOIA in the context of Plaintiffs'

5  leading edge putative FOIA class action lawsuit because it is the default forum for FOIA lawsuits and

6  many federal agencies (including both Defendants in this case) are headquartered in or near that district.

7  Indeed, the D.C. Circuit is recognized as "something of a specialist" in adjudicating FOIA cases "given

8  the nature of much of its caseload."  *Whitaker v. DOC*, 970 F.3d 200, 206 n.25 (2nd Cir. 2020) (quoting

9  *Brennan Ctr. for Justice at NYU v. U.S. Dep't of Justice*, 697 F.3d 184, 200 (2d Cir. 2012)).  And, while

10  Defendants do not question this Court's familiarity with FOIA law, the District of Columbia is widely

11  acknowledged as having significant and specialized expertise in working with the FOIA.  *Id.*; *see also In*

12  *re Scott*, 709 F.2d at 720; *see also Matlack, Inc. v. U.S. EPA*, 868 F. Supp. 627, 630 & n.3 (D. Del. 1994)

13  (the federal courts in the District of Columbia have "long been on the leading edge" of interpreting the

14  FOIA).

15      In short, the interest of justice and the convenience of parties and witnesses weigh in favor of

16  transferring Sanchez Mora's and Waldron's FOIA claims to the District of Columbia under

17  Section 1404(a).

18      **D.    In The Alternative, The FOIA Claims Against DHS Should Be Dismissed Because**
          **Plaintiffs Do Not Allege That They Submitted FOIA Requests To DHS**
19

20      To the extent the Court does not transfer this case to the District of Columbia, the Court

21  nevertheless should dismiss DHS because Plaintiffs do not allege that they submitted *any* FOIA requests

22  to DHS.  The FOIA's statutory language makes federal jurisdiction dependent upon a showing that an

23  agency has (1) "improperly," (2) "withheld," (3) "agency records."  *Kissinger v. Reporters Comm. for*

24  *Freedom of Press*, 445 U.S. 136, 150 (1980).  "Judicial authority to devise remedies and enjoin agencies

25  can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all

26  three components of this obligation."  *Id.*  It is axiomatic that an agency cannot improperly withhold

27  records if it does not receive a FOIA request for those records.  *LaVictor v. Trump*, No. 19-cv-01900, 2020

28  WL 2527192, at *2 (D.D.C. May 18, 2020) ("So if there has been no request, the agency has not

1   'improperly withheld' any records."); *Ghassan v. U.S. DOJ*, No. 22-cv-1615, 2023 WL 1815650, at \*2

2   (D.D.C. Feb. 8, 2023) ("An agency's disclosure obligations [under the FOIA] are not triggered . . . until

3   it has received a proper FOIA request in compliance with its published regulations.").  As a result, courts

4   grant dismissal motions where a FOIA plaintiff does not establish that they submitted a FOIA request to

5   the agency.[4]  *See, e.g.*, *LaVictor*, 2020 WL 2527192, at \*2 (" [i]n the absence of any evidence that plaintiff

6   submitted a proper FOIA request to which [the agency] would have been obligated to respond," the agency

7   "is entitled to judgment as a matter of law."); *Rae v. Hawk*, No. 98-1099, 2001 WL 37155163, at \*2

8   (D.D.C. Mar. 7, 2001) ("Because plaintiff did not submit a FOIA request to HHS . . . the Court finds that

9   it lacks subject matter jurisdiction over plaintiff's claims against" HHS).

10          Here, Plaintiffs do not allege that they submitted any FOIA requests to DHS.  Instead, Plaintiffs

11  claim that they submitted FOIA requests to CBP, a component of DHS, and that CBP failed to respond to

12  those requests within 30 days.  Compl. ¶¶ 16-20; 45-57.  Pursuant to published regulations, DHS has

13  decentralized FOIA processing, and each component is separately responsible for processing the FOIA

14  requests it receives.  *See* 6 C.F.R. §§ 5.1(c), 5.3(a), 5.4(a).  Accepting the facts alleged in the Complaint

15  as true, DHS did not receive a FOIA request from any of the Plaintiffs to which DHS allegedly failed to

16  respond in a timely manner.  As a result, DHS did not improperly withhold agency records, and under

17  Section 552 this Court thus does not have the authority to devise remedies and enjoin DHS.  *Kissinger*,

18  445 U.S. at 150; *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995) (where an agency has not

19  "(1) 'improperly' (2) 'withheld' (3) 'agency records . . . a district court lacks jurisdiction to devise

20  remedies to force an agency to comply with the FOIA's disclosure requirements").  Under these alleged

21  facts, Plaintiffs cannot maintain a pattern or practice claim under the FOIA against DHS.

22          Moreover, CBP's alleged conduct, in the context of the decentralized framework governing CBP

23  and DHS's FOIA processing, does not provide a backdoor to a FOIA pattern or practice claim against

24  DHS because Plaintiffs again do not allege that they submitted any FOIA requests to DHS "in compliance

25

26

---

27      [4] Courts are split regarding whether such a dismissal should be for lack of jurisdiction or for failure
    to state a claim upon which relief can be granted, but the final result is the same—a FOIA lawsuit cannot
28  proceed where the plaintiff does not submit a FOIA request to an agency in compliance with published
    regulations.

1    with its published regulations."[5]  *Ghassan*, 2023 WL 1815650, at *2.  And even assuming that Plaintiffs

2    had submitted FOIA requests to DHS and that DHS failed to respond within 30 days to those FOIA

3    requests (none of which is alleged in the Complaint), that still would be irrelevant to the gravamen of the

4    FOIA pattern or practice claim in this lawsuit, which is that CBP has an alleged pattern or practice of

5    failing to respond to FOIA requests submitted to CBP.  Compl. ¶¶ 45-57.

6        In short, because Plaintiffs do not allege that they sent FOIA requests to DHS in compliance with

7    DHS's published regulations, there is no basis for Plaintiffs to bring FOIA claims against DHS.  DHS

8    should be dismissed from this lawsuit.

9    **E.    If Sanchez Mora's And Waldron's FOIA Claims Proceed In This District, The
         Court Should Dismiss The Class Allegations**

10

11        In the event the Court does not transfer Sanchez Mora's and Waldron's FOIA claims to the District

12   of Columbia under Section 1404(a), the Court should dismiss the class allegations in the Complaint.  A

13   court's subject matter jurisdiction over a proposed class is a "threshold matter" that must be addressed

14   before reaching the merits of class certification.[6]  *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th

15   Cir. 2004).  Here, the government's limited waiver of sovereign immunity does not allow Plaintiffs to

16   bring a putative nationwide FOIA class action in the Northern District of California.  If such a nationwide

17   class action lawsuit is possible under the FOIA, it is possible only in the District of Columbia.  The class

18   allegations in the Complaint thus should be dismissed to the extent this case proceeds in this District.

19        As discussed *supra* Part IV.A, Section 552(a)(4)(B) of the FOIA grants a district court jurisdiction

20   in the following circumstances only:  (1) where the complainant resides or has a principal place of

21   business, (2) where the agency records are situated, or (3) in the District of Columbia.  5 U.S.C.

22

---

23       [5] DHS's status as CBP's parent agency does not change this analysis because courts in this district
     have found agency components to be proper defendants under the FOIA.  *See, e.g.*, *Hajro v. United States
24   Citizenship & Immigration Servs.*, 832 F. Supp. 2d 1095, 1104 (N.D. Cal. 2011) (finding USCIS, which
     is also a component of DHS, to be "the proper defendant to Plaintiffs' FOIA claims"); *Rosenfeld v. United
25   States DOJ*, No. 07-cv-03240-MHP, 2008 WL 3925633, at 1 n.1 (N.D. Cal. Aug. 22, 2008) (rejecting the
     argument that a parent agency, as opposed to a component, was the proper defendant in a FOIA action);
26   *see also Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 21-22 (D.D.C. 2006) (same).

         [6] Defendants acknowledge that the Court set a separate briefing schedule for Plaintiffs' class
27   certification motion (ECF No. 39) and, as a result, Defendants do not raise Federal Rule of Civil
     Procedure 23(a)-(b) class certification arguments in this motion to transfer or dismiss.  For the avoidance
28   of doubt, Defendants dispute that class certification is proper in this case, and Defendants reserve the right
     to present their class certification arguments to this Court when/if it is appropriate to do so.

§ 552(a)(4)(B).  That provision is the sovereign's jurisdictional grant, and it cannot be expanded by judicial order.  *See Yagman*, 868 F.3d at 1083; *Hajro*, 811 F.3d at 1101; *Alvarado*, 509 F.3d at 1016; *Zamorano*, 2 F.4th at 1225; *Park Place Assocs., Ltd.*, 563 F.3d at 927.  Plaintiffs' proposed nationwide class action runs afoul of this jurisdictional grant because it seeks to have this Court enjoin Defendants on behalf of putative plaintiffs who do not reside in or have their principal place of business in the Northern District of California.  But this Court has no such power, and the class action procedural device cannot confer jurisdiction on this Court that it does not otherwise have.  *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (where class cannot satisfy statutory requirements for jurisdiction, "the District Court was without jurisdiction over so much of the complaint as concerns the class, and it should have entered an appropriate order of dismissal"); *Beamon v. Brown*, 125 F.3d 965, 969-70 (6th Cir. 1997) ("The class action, a tool for the aggregation of claims, is merely a convenient procedural device that helps reduce or eliminate a multiplicity of suits.  Although the Federal Rules of Civil Procedure make class actions available to some plaintiffs in United States district courts, the rules themselves do not confer those courts with jurisdiction over claims that they could not hear if brought individually.") (cleaned up); *RadioShack Corp. v. United States*, 105 Fed. Cl. 617, 623 (2012) ("Rule 23, a procedural mechanism, does not modify the limitations of the Court's jurisdiction . . . .  The Court 'cannot, through its acknowledged rule-making power, expand its jurisdiction beyond the limits prescribed by Congress.'") (quoting *Bright v. United States*, 603 F.3d 1273, 1283 (Fed. Cir. 2010)).[7]

Plaintiffs' proposed nationwide class can proceed, if at all, only in the District of Columbia.  As such, in the event any part of this case continues in the Northern District of California, this Court does not have jurisdiction under the FOIA over a nationwide class of individuals, and the class allegations therefore should be dismissed.

---

[7] In the almost 60 years since the FOIA was enacted in 1966, Defendants are aware of only one nationwide FOIA class action that has been certified by a district court:  *Nightingale v. U.S. Citizenship & Immigration Servs.*, 333 F.R.D. 449 (N.D. Cal. 2019).  While the *Nightingale* court certified a nationwide FOIA class action in this District, that court was not presented with the jurisdictional arguments raised in this motion and thus did not issue a finding regarding whether sovereign immunity forecloses a nationwide FOIA class action in the Northern District of California.  *See, e.g.*, *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 441 (1990) (Marshall, J., dissenting) ("The courts' general refusal to consider arguments not raised by the parties . . . is founded in part on the need to ensure that each party has fair notice of the arguments to which he must respond.").

**V.      Conclusion**

For these reasons, the Court should transfer this case to the District of Columbia.  In the alternative, DHS should be dismissed; García's, Tirado's, and Ainab's FOIA claims should be dismissed; and the class allegations should be dismissed.

DATED: July 15, 2024                              Respectfully submitted,

                                                 ISMAIL J. RAMSEY
                                                 United States Attorney

                                                 */s/ Jevechius D. Bernardoni*
                                                 JEVECHIUS D. BERNARDONI
                                                 Assistant United States Attorney

                                                 Attorneys for Defendants