UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIAN SANCHEZ MORA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, et al.,<br><br>    Defendants. | Case No. 3:24-cv-02430-TLT<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND TRANSFERRING CASE**<br><br>ECF Nos. 40, 46 |

    This case is a putative FOIA class action. In the operative complaint, Plaintiffs are three immigration attorneys ("Attorney Plaintiffs") and three individuals ("Individual Plaintiffs"). ECF 42, at 2. Two of the named plaintiffs in the amended complaint are out of District (in Texas and Massachusetts) and four are in District (in San Francisco, Oakland, San Jose, and San Rafael).

    Plaintiff Julian Sanchez Mora ("Sanchez Mora") is an immigration and criminal defense attorney at Immigrant Crime and Justice LLP, a law firm in San Francisco, California. FAC ¶ 18. Plaintiff Siobhan Waldron ("Waldron") is an attorney with Immigrant Legal Defense, a nonprofit organization based in Oakland, California. *Id.* ¶ 19. Plaintiff Carlos Moctezuma García ("García") is an attorney practicing immigration and criminal law at García & García, Attorneys at Law P.L.L.C., in McAllen, Texas. *Id.* ¶ 20. Plaintiff Ali Ainab ("Ainab") is an individual who resides in Somerville, Massachusetts. *Id.* ¶ 21. Plaintiff Rafael Edgardo Flores Rodriguez ("Flores Rodriguez") is an individual who resides in San Jose, California. *Id.* ¶ 21. Plaintiff Beatriz Ariadna Garcia Mixcoa ("Garcia Mixcoa") is an individual who resides in San Rafael, California. *Id.* ¶ 23. Neither García nor Ainab resides in the Northern District of California. *Id.* ¶¶ 20-21. Plaintiffs allege that this District is the appropriate venue for the putative class action because "Plaintiffs Sanchez Mora, Waldron, Florez [sic] Rodriguez, and Garcia Mixcoa reside in

1

this District[.]" FAC ¶ 15.

Plaintiffs contend that they submitted FOIA requests to Defendant CBP, a component agency of Defendant DHS. Plaintiffs further allege that CBP failed to respond to those FOIA requests within 30 days and that they have not received a determination as a result. *Id.* ¶¶ 18-23 & 52-66. Plaintiffs, however, do not allege that they submitted any FOIA requests to Defendant DHS.

U.S. Customs and Border Protection ("CBP") and U.S. Department of Homeland Security ("DHS" and, collectively with CBP, "Defendants") move to dismiss the claims arising under the Administrative Procedure Act ("APA"); dismiss DHS as a defendant; and transfer the Freedom of Information Act ("FOIA") claims to the United States District Court for the District of Columbia ("District of Columbia" or "D.C."). ECF 46. Plaintiffs filed a timely Opposition. ECF 47. Defendants filed their reply. ECF 51.

The Court determines the Motion to Dismiss and Motion to Transfer can be decided without oral argument. *See* Civ. L.R. 7-1(b).

Considering the papers submitted, and Good Cause Appearing, it is hereby ordered that:

(1) Defendants' Motion to Dismiss the APA claims (Counts One and Two) are **DISMISSED** for lack of subject matter jurisdiction;

(2) the FOIA claim against DHS (Count Three) is **DISMISSED.**

(3) Defendants' **Motion to Transfer** against CBP (Count Three) to the District of Columbia is **GRANTED**.

## I. PROCEDURAL BACKGROUND

The FAC asserts two causes of action under the APA (Counts One and Two) and one cause of action under FOIA (Count Three). Each of those causes of action rests on the same central allegation that CBP maintains a pattern or practice of failing to make determinations within 30 days of the submission to CBP of FOIA requests seeking individuals' CBP records. *Id.* ¶¶ 77-110. Each of those causes of action seek the same form of equitable relief—a Court order forcing Defendants to comply with Plaintiffs' interpretation of the timing provisions of FOIA. *Id.* ¶¶ 86, 100, & 110.

Plaintiffs seek to certify a nationwide class consisting of:

> All persons who filed, or will file, FOIA requests with CBP for an individual's records which have been pending, or will be pending, with CBP for more than 30 business days without a determination.

2

> For purposes of the class definition, and notwithstanding whether CBP internally classifies a request as simple or complex, a FOIA request for individual records means a request for records related to an individual, including the individual's entry into and/or exit from the United States; admission, withdrawal of admission, or denial of admission to the United States; criminal history; apprehension, inspection by, or interactions with, CBP employees; and removal, deportation, exclusion voluntary return, and/or expulsion under any provision of the Immigration and Nationality Act or 42 U.S.C. § 265.

FAC ¶ 68.

## II.  LEGAL STANDARD

### A.  Federal Rule Of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979); *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this [federal court's] limited jurisdiction."). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (*per curiam*), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual challenge, on the other hand, allows the court to look beyond the complaint without "presum[ing] the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). On a Fed. R. Civ. P. 12(b)(1) motion, the Court can hear evidence outside the pleadings and resolve factual disputes, if necessary, without treating the motion as one for summary judgment. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir.

2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997), *as amended* (Feb. 4, 1997).

### B. Federal Rule of Civil Procedure 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. After a defendant challenges venue, the plaintiff has the burden to show that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1188 (N.D. Cal. 2017), *aff'd sub nom. Saravia ex rel. A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). When considering a Rule 12(b)(3) motion, the court need not accept as true all allegations in the complaint and may consider facts outside the pleadings. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). Still, the Court "is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

## III. DISCUSSION

### A. The APA Claims Are Dismissed for Lack of Subject Matter Jurisdiction Because They Are Precluded By FOIA.

Plaintiffs' APA claims seek the same relief as Plaintiffs' FOIA claim (*i.e.*, equitable relief requiring Defendants to process FOIA requests for individuals' CBP records in accordance with Plaintiffs' interpretation of FOIA's statutory deadlines). But the federal government does not waive sovereign immunity under the APA when there is an adequate remedy under another source of law,[1] which in this case, is FOIA. Plaintiffs agree in their Opposition that their FOIA claim does provide an adequate remedy of all Plaintiffs' claims. The APA claims must therefore be dismissed for lack of subject matter jurisdiction.

The APA limits judicial review to "agency actions 'for which there is no other adequate remedy in a court.'" *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1241 (D.C. Cir. 2017) ("*CREW*") (quoting 5 U.S.C. § 704). This limitation reflects Congress's judgment that "the general grant of review in the APA [ought not] duplicate existing procedures for review of agency action" or "provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (citation omitted);

---

[1] Adequate remedy under another source of law means

*Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). To be an adequate remedy, an alternative remedy "need not provide relief *identical* to relief under the APA in order to have preclusive effect." *CREW*, 846 F.3d at 1245 (emphasis in original).

Ninth Circuit jurisprudence expressly recognizes that pattern or practice claims are available under FOIA. Those cases acknowledge that district courts' equitable powers under FOIA extend to remedying cognizable pattern or practice FOIA claims. *See Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1101-03 (9th Cir. 2016) (the "plain language [of FOIA] clearly contemplates declaratory and injunctive relief"); *Mayock v. Nelson*, 938 F.2d 1006 (9th Cir. 1991); *Long v. U.S. IRS*, 693 F.2d 907, 909-10 (9th Cir. 1982). Indeed, FOIA "vests courts with broad equitable authority." *CREW*, 846 F.3d at 1241. "Once invoked, the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies." *Brown v. Plata*, 563 U.S. 493, 538 (2011) (citations and internal quotation marks omitted).

Consistent with the limitations on the APA's waiver of sovereign immunity in 5 U.S.C. § 704, courts routinely dismiss APA claims seeking relief that is already available under FOIA. *See, e.g.*, *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 877 (9th Cir. 2019) (affirming dismissal of APA claims and holding that "[b]ecause FOIA authorizes district courts to order agencies to comply with the reading-room provision and supplies the standard for reviewing such claims, the potential for meaningful relief under FOIA displaces the APA's catch-all cause of action") (citing 5 U.S.C. § 704); *CREW*, 846 F.3d at 1245 (holding that "FOIA offers an 'adequate remedy' within the meaning of section 704 such that CREW's APA claim is barred") (citing 5 U.S.C. § 704); *Hajro v .U.S. Citizenship & Immigr. Servs.*, 832 F. Supp. 2d 1095, 1114 (N.D. Cal. 2011), *rev'd in part, vacated in part*, 807 F.3d 1054 (9th Cir. 2015), *withdrawn from bound volume, opinion amended and superseded on denial of reh'g*, 811 F.3d 1086 (9th Cir. 2016), and *rev'd in part, vacated in part*, 811 F.3d 1086 (9th Cir. 2016) (granting motion for summary judgment on APA claim "[b]ecause FOIA provides an adequate remedy"); *Laroche v. U.S. SEC*, No. 05-cv-4760-CW, 2006 WL 2868972, at *4 (N.D. Cal. Oct. 6, 2006), *aff'd*, 289 F.App'x 231 (9th Cir. 2008) (dismissing APA claim because FOIA "remedy is identical to any remedy Plaintiff would be able to seek under the APA").

Numerous courts have dismissed APA claims challenging an alleged agency policy or practice

5

that purportedly violates FOIA—like Plaintiffs' APA claims in this lawsuit—on the grounds that FOIA provides adequate relief and, thus, precludes a claim under the APA. For example, in *Muttitt v. U.S. Cent. Command* an alleged pattern or practice of violating the procedural requirements of FOIA was challenged. 813 F. Supp. 2d 221, 229 (D.D.C. 2011). The *Muttitt* court found that "APA relief is foreclosed here" because "the Court has the power under FOIA and *Payne* [*Enterprises Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)], to provide the requested declaratory and injunctive remedies." *Id.* (footnote omitted). In *Khan v. U.S. Dep't of Homeland Sec.*, the court similarly dismissed an APA pattern or practice claim, holding "[t]hat such a claim exists under FOIA is why an analogous APA claim cannot stand." No. 22-cv-2480-TJK, 2023 WL 6215359, at *8 (D.D.C. Sept. 25, 2023). The same result (*i.e.*, dismissal of a pattern or practice APA claim seeking to challenge an agency's practices under FOIA) was also reached in *Nat'l Sec. Couns. v. C.I.A.*, 898 F. Supp. 2d 233, 266 (D.D.C. 2012), *aff'd sub nom. Nat'l Sec. Couns. v. C.I.A.,* 969 F.3d 406 (D.C. Cir. 2020) and *Feinman v. FBI*, 713 F. Supp. 2d 70, 76-78 (D.D.C. 2010) ("[T]he relief available under FOIA is of the 'same genre' as the relief available under the APA.") (citation omitted).

     Here, FOIA unambiguously would provide adequate relief for Plaintiffs' APA claims. Plaintiffs' first APA cause of action asserts that, under the APA, federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed[.]" FAC ¶ 78 (quoting 5 U.S.C. § 706(1)). In support of their timeliness contentions for the first APA claim, Plaintiffs cite FOIA to provide a purported "statutory deadline" and allege that Defendants have a "nationwide pattern or practice of failing to make determinations regarding FOIA requests for an individual's records within the [FOIA's] statutory period[.]" *Id.* ¶¶ 79-81.

     The first APA cause of action, Count One, seeks an order compelling "Defendants to make determinations and make records available" consistent with Plaintiffs' interpretation of FOIA. *Id.* ¶ 86. But that request for relief is essentially identical to the request for relief in Plaintiffs' FOIA claim. *See id.* ¶ 110 (asking the Court to "issue an order compelling Defendants to make determinations and produce records in accordance with the FOIA"). Governing Ninth Circuit precedent demonstrates that, assuming Plaintiffs can prove a cognizable FOIA pattern or practice claim, FOIA would provide the Court with the equitable power to fashion an adequate remedy. *See Hajro*, 811 F.3d at 1103; *Long*, 693 F.2d at 909-10.

FOIA provides an adequate remedy for Plaintiffs' APA claim, so it is precluded by FOIA. The Court therefore lacks subject matter jurisdiction over the first APA cause of action, and that claim must be dismissed. *See CREW*, 846 F.3d at 1245; *Animal Legal Def. Fund*, 935 F.3d at 877; *Khan*, 2023 WL 6215359, at *8 ("[t]hat such a [pattern or practice] claim exists under FOIA is why an analogous APA claim cannot stand").

Plaintiffs' second APA cause of action, Count Two, relies on the "arbitrary or capricious" provision of the APA. This again invokes FOIA by contending that Defendants have a "nationwide pattern or practice of failing to make determinations regarding FOIA requests for an individual's records within the [FOIA's] statutory period and failing to make requested records promptly available." FAC ¶¶ 89-91. Plaintiffs' second APA cause of action seeks an order remedying "CBP's pattern or practice of failing to comply *with the FOIA.*" *Id.* ¶ 100 (emphasis added). But that request for relief is identical to the relief requested in Plaintiffs' FOIA claim. It is not disputed that FOIA would provide an adequate remedy if Plaintiffs can prove the underlying FOIA claim. *Compare id.* (APA claim) *with id.* ¶ 110 (FOIA claim); *see also Hajro*, 811 F.3d at 1103; *Long*, 693 F.2d at 909-10. FOIA thus provides an adequate remedy for Plaintiffs' second APA cause of action. Therefore, that second cause of action must also be dismissed for lack of subject matter jurisdiction. *CREW*, 846 F.3d at 1240, 1245; *Animal Legal Def. Fund*, 935 F.3d at 877 (rejecting APA claim under the "arbitrary and capricious" standard as "displace[d]" by FOIA); *Khan*, 2023 WL 6215359, at *8.

**B.     Venue Does Not Lie in the Northern District of California for García's and Ainab's FOIA Claims.**

Under FOIA, venue must be proper "as to each claim and as to each party." *Abissi v. USCIS*, No. 23-cv-03176-JKB, 2024 WL 1485887, at *1 (D. Md. Apr. 5, 2024) (analyzing venue under 5 U.S.C. § 552(a)(4)(B)); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3807 (4th ed. 2023) ("Wright & Miller"). Here, Plaintiffs cannot meet their burden of demonstrating that venue is proper with respect to the FOIA claims of García and Ainab. *Abissi*, 2024 WL 1485887, at *1-2 (holding that venue in the District of Maryland was not proper for a FOIA action where only two of the seven plaintiffs resided in that district because "venue must be proper as to each claim and as to each party"); *Piedmont Label Co.*, 598 F.2d at 496 (plaintiffs bear the burden of establishing proper venue). García and

Ainab are not Northern District of California residents. Instead, García's principal place of business is in McAllen, Texas. FAC ¶ 20. Ainab resides in Somerville, Massachusetts. *Id.* ¶ 21. García and Ainab also do not allege that the records underlying their FOIA requests are situated in this District. As a result, García and Ainab identify no statutory basis in their FAC for bringing their FOIA claims in the Northern District of California. *See* 5 U.S.C. § 552(a)(4)(B). And while the FAC also invokes the general venue provision in 28 U.S.C. § 1391(e)(1) (FAC ¶ 15), Section 1391(e)(1) does not apply to FOIA claims. *See Friends of the River v. United States Army Corps of Eng'rs*, No. 16-cv-05052-YGR, 2016 WL 6873467, at *2 (N.D. Cal. Nov. 22, 2016). Because venue must be proper for each claim and for each party, the Northern District of California "is therefore not a proper venue for" García's and Ainab's FOIA claims. *Abissi*, 2024 WL 1485887, at *2.

### 1. Pendent Venue Is Unavailable for García's and Ainab's FOIA Claims Because Venue is Governed By the FOIA's Special Forum Provision.

The fact that some of the named Plaintiffs live in the Northern District of California does not mean that the District is the proper venue based on the FOIA pendent venue doctrine. Courts facing the precise scenario presented by Plaintiffs' lawsuit routinely find that pendent venue does not apply to the improperly venued FOIA claims. *See*, *e.g.*, *Holmes-Hamilton v. FBI*, No. 21-cv-00702-GJH, 2021 WL 5166376, at *4 (D. Md. Nov. 5, 2021); *Abissi*, 2024 WL 1485887, at *3.

Pendent venue is a "judge-made doctrine that permits a court to hear claims for which venue does not properly lie in the district when they are closely related to claims for which venue is proper." *Abissi*, 2024 WL 1485887, at *3 (discussing pendent venue in the FOIA context); 14D Wright & Miller § 3808. However, "[w]here claims are governed by a special venue statute . . . , which limits venue to specified districts, such claims may be brought only in a district specified by the statute." *Echols v. Morpho Detection, Inc.*, No. 12-cv-01581-CW, 2013 WL 1501523, at *6 (N.D. Cal. Apr. 11, 2013) (citation and quotation marks omitted); *see also Abissi*, 2024 WL 1485887, at *3 (courts are "hesitant to employ pendent venue" in cases where "Congress has enacted a special venue provision for the claim at issue."). "Put differently, courts will not apply the pendent venue doctrine to defeat Congress's intention that certain types of claims be heard in specific places." *Pruitt v. J.P. Morgan Chase*, No. 15-cv-04778-JAK, 2016 WL 11794182, at *6 n.5 (C.D. Cal. June 30, 2016).

That is precisely the situation with the FOIA statute, which is governed by a special forum provision. Courts routinely find that the pendent venue doctrine cannot be applied to out-of-district plaintiffs. That outcome holds true even when the improperly venued FOIA claims are "nearly identical" to the properly venued FOIA claims. *Holmes-Hamilton*, 2021 WL 5166376, at *4. For example, *Holmes-Hamilton* was a FOIA lawsuit in which the claims of two of the three plaintiffs were properly brought in the District of Maryland; the third plaintiff was not a Maryland resident, and the plaintiffs did not allege that the agency maintained the records at issue in the District of Maryland. *Id.* The court refused pendent venue over the third plaintiff's claims, stating "the Court is unaware of any authority showing that other courts have exercised pendent venue in a FOIA records action in a similar circumstance. In fact, at least one court has previously cautioned against doing so because of concerns over forum shopping." *Id.* at 4 (citing *Boggs v. United States*, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997)). The *Holmes-Hamilton* court buttressed its decision not to exercise pendent venue by noting that there was a statutorily authorized "venue where all three Plaintiffs' claims can remain together: The District of Columbia." *Id.* at 5. The *Abissi* court came to the exact same conclusion; it "decline[d] to invoke pendent venue" where five of the seven FOIA plaintiffs were improperly venued in the District of Maryland. *Abissi*, 2024 WL 1485887, at *3.

Congress codified the FOIA-specific venue provision with the intention that FOIA claims be heard in specific places. *Cf. Pruitt*, 2016 WL 11794182, at *6 n.5; *Echols*, 2013 WL 1501523, at *6. That provision unambiguously demonstrates that García and Ainab cannot bring their FOIA claims in the Northern District of California despite Plaintiffs' citation to cases discussing the general venue statute, 28 U.S.C. § 1391(e). Exercising pendent venue over García's and Ainab's FOIA claims in this case thus would defeat congressional intent. Defeating that congressional intent would be especially fraught in the FOIA context because Congress provided a universal, "all-purpose" forum where all Plaintiffs' FOIA claims can be adjudicated together: the District of Columbia. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983); *Holmes-Hamilton*, 2021 WL 5166376, at *5; 5 U.S.C. § 552(a)(4)(B). Just as in *Holmes-Hamilton* and *Abissi*, pendent venue does not permit García and Ainab to bring their FOIA claims in this District.

    **2.    Exercising Pendent Venue Is Also Improper Because This Is a Putative Class Action and Each Named Plaintiff Must Individually Satisfy Venue.**

"[A]s a general rule, . . . in class action settings, each plaintiff must individually satisfy venue." *Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-2252-MJJ, 2001 WL 1902806, at *5 (N.D. Cal. Dec. 3, 2001); *Saravia*, 280 F. Supp. 3d at 1191 ("At least in most instances, the rule in a proposed class action is that each named plaintiff must independently establish venue."); *Amochaev v. Citigroup Global Mkts. Inc.*, No. 05-cv-1298-PJH, 2007 WL 484778, at *1 (N.D. Cal. Feb. 12, 2007) (holding with respect to Title VII of the Civil Rights Act that "[w]hile Congress expanded a plaintiff's venue choices by enacting specific venue provisions for Title VII actions, there is no evidence in the language of the statute or the statute's legislative history that Congress intended to abrogate the requirement that each named plaintiff satisfy the venue requirements"). Because each named plaintiff in a class action seeks to proceed not only in an individual capacity but also in a representative capacity, "each [named] plaintiff must be competent to sue." *Dukes*, 2001 WL 1902806, at *4.

This lawsuit is a putative class action. García and Ainab cannot "individually satisfy venue" as the FAC does not show they reside in the Northern District of California. Furthermore, they do not allege that the records responsive to their FOIA requests are situated in the Northern District of California. FAC ¶¶ 20-21; *Saravia*, 280 F. Supp. 3d at 1191. As a result, Plaintiffs cannot invoke pendent venue over García's and Ainab's FOIA claims without also undermining the separate class action requirement that "each named plaintiff must independently establish venue." *Saravia*, 280 F. Supp. 3d at 1191; *Amochaev*, 2007 WL 484778, at *1.

### 3. The New APA Claims in the FAC Cannot Provide Pendent Venue for García's & Ainab's FOIA Claims.

The two new APA causes of action in the FAC do not make the Northern District of California a proper venue for García's and Ainab's FOIA claims for two reasons. First, the APA claims are precluded by FOIA because FOIA already provides adequate relief. As indicated above, judicial review under the APA is limited to "agency actions 'for which there is no other adequate remedy in a court.'" *CREW*, 846 F.3d at 1241 (quoting 5 U.S.C. § 704). Here, FOIA already provides an adequate remedy for Plaintiffs' APA claims. The APA claims thus must be dismissed for lack of subject matter jurisdiction. Furthermore, because the Court does not have subject matter jurisdiction over the APA claims, the APA claims do not make this District a proper forum for García's and Ainab's FOIA claims.

Even if the APA claims were not precluded by FOIA, they still do not make the Northern District of California a proper forum for García's and Ainab's FOIA claims. FOIA includes a special forum provision, Section 552(a)(4)(B), which necessarily governs venue for García's and Ainab's FOIA claims. Accordingly, the general venue statute applicable to APA claims, 28 U.S.C. § 1391(e)(1), cannot provide a basis for pendent venue over García's and Ainab's FOIA claims:

> Under the doctrine of pendent venue, claims governed by a general venue statute may be brought in the same district as a claim governed by a special venue statute if the claims arise out of the same nucleus of facts. *However, the converse is not true*. Where claims are governed by a special venue statute, which limits venue to specified districts, such claims may be brought only in a district specified by the statute. This is so because congressional intent to limit the available districts is clear and cannot be circumvented.

*Echols*, 2013 WL 1501523, at *6 (citations and quotation marks omitted; emphasis added).

### C. This Case Cannot Proceed in the Northern District of California.

Where a court lacks jurisdiction over a civil action, the court may dismiss the case or, in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631; *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2009) (Section 1631 "allows transfer to cure want of jurisdiction"); *see also McGuire v. United States*, 550 F.3d 903, 914-15 (9th Cir. 2008). Similarly, if venue is improper, a court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (any dismissal for improper venue must be without prejudice). Ordinarily, the interest of justice requires transfer rather than dismissal. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir. 2001). Finally, for the convenience of parties and witnesses, and in the interest of justice, a court may transfer a civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a). "Section 1404(a) was designed to protect litigants, witnesses and the public against unnecessary inconvenience and expense[,] ensure 'systemic integrity and fairness' in the judicial process, [ ] and the 'efficient administration of the court system.'" *Our Children's Earth Found.*, No. 08-cv-01461-SBA, 2008 WL 3181583, at *4 (N.D. Cal. Aug. 4, 2008) (cleaned up).

### 1. García's & Ainab's FOIA Claims Are Transferred to the District of Columbia.

As a result of FOIA's special forum provision, 5 U.S.C. § 552(a)(4)(B), there is no basis for García and Ainab to pursue their FOIA claims in the Northern District of California. Unlike the Northern District of California, however, the District of Columbia is an "all-purpose forum in FOIA cases," and García and Ainab unquestionably could have brought their FOIA claims there. *In re Scott*, 709 F.2d at 720; 5 U.S.C. § 552(a)(4)(B) (FOIA lawsuits are proper "in the District of Columbia"). Because the interest of justice typically requires transfer rather than dismissal, *Baeta*, 273 F.3d at 1264-65, García's and Ainab's FOIA claims are transferred to the District of Columbia pursuant to 28 U.S.C. § 1631 and/or 28 U.S.C. § 1406(a).

**2.     The Other Plaintiffs' FOIA Claims Are Transferred to District of Columbia.**

Pursuant to 28 U.S.C. § 1404(a), Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's FOIA claims also are transferred to the District of Columbia. In analyzing a transfer motion under Section 1404(a), a court must determine, as a threshold matter, if the action subject to the motion to transfer "might have been brought" in the transferee district (*i.e.*, the district to which the moving party seeks to transfer the action). *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Next, a court must analyze whether the transfer would serve "the interest of justice" and "the convenience of parties and witnesses." *Our Children's Earth Found.*, 2008 WL 3181583, at *4. In making this determination, the court may consider: (1) the plaintiff's choice of forum; (2) the parties' convenience; (3) the witnesses' convenience; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) the feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *Id.*; *see also Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000). Finally, "[w]hen venue is proper with respect to some, but not all, parties, district courts have discretion to transfer the entire case to a proper venue." *Abissi*, 2024 WL 1485887, at *4 (citing 14D Wright & Miller § 3807 and analyzing transfer in the FOIA context).

Here, it is indisputable that Sanchez Mora, Waldron, Flores Rodriguez, and Garcia Mixcoa could have brought their FOIA claims in the District of Columbia because that is the "all-purpose forum in FOIA cases." *In re Scott*, 709 F.2d at 720. In addition, almost all the factors the Court considers while analyzing a Section 1404(a) transfer motion weigh in favor of transferring Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's FOIA claims to the District of Columbia.

Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's choice of venue are afforded minimal weight because this putative class action is not limited to this District but rather seeks to certify a nationwide class. "[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (in a class action, "where there are hundreds of potential plaintiffs, . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened."). Courts in this District routinely transfer class actions brought by named plaintiffs residing in this District because a class plaintiff's choice of forum is given less weight. *See, e.g.*, *Ickes v. AMC Networks Inc.*, No. 23-cv-00803-SI, 2023 WL 4297577, at *5 (N.D. Cal. June 30, 2023); *Jackson v. Euphoria Wellness, LLC*, No. 20-cv-03297-CRB, 2020 WL 5366419, at *9 (N.D. Cal. Sept. 8, 2020); *Italian Colors Rest. v. Am. Express Co.*, No. 03-cv-3719-SI, 2003 WL 22682482, at *3-4 (N.D. Cal. Nov. 10, 2003). Here, Plaintiffs' choice of forum is entitled to even less weight than the plaintiffs in those cases given that all the named plaintiffs in those cases resided in this District, whereas in this case two of the six Plaintiffs do not reside in this District.

The parties' convenience, the witnesses' convenience, and the ease of access to the evidence factors all weigh heavily in favor of transfer to the District of Columbia. This is foundationally a FOIA action, which will almost certainly be decided by dispositive motion practice, not trial. *See Animal Legal Def. Fund*, 836 F.3d at 989; *see also* ECF No. 35 ¶ 18 (agreement among parties that "it is unlikely that a trial will be necessary in this matter"). As a result, Sanchez Mora, Waldron, Flores Rodriguez, and Garcia Mixcoa will not have to travel to the District of Columbia for trial. ECF No. 35 ¶ 18. And, transferring this case to the District of Columbia will pose minimal inconvenience to Plaintiffs' counsel: Plaintiffs' lead counsel is based in Brookline, Massachusetts (ECF No. 42), with additional counsel in Seattle and San Francisco *Id*. As such, litigating this case will require Plaintiffs and their counsel to engage in nationwide coordination, regardless of where the lawsuit proceeds. The District of Columbia is closer for Plaintiffs' lead counsel than this District. In contrast, transferring this case to the District of Columbia would be far more convenient for Defendants because the agencies are headquartered in that district; almost all of Defendants' witnesses, FOIA personnel, and agency counsel are located in that district or its surrounding areas; and, the overwhelming volume of evidence relating to Plaintiffs' pattern or practice

claim is located in that district and/or the surrounding areas.

The feasibility of consolidation with possible other claims also weighs overwhelmingly in favor of transfer. Absent transfer of Sanchez Mora's, Waldron's, Flores Rodriguez's, and Garcia Mixcoa's FOIA claims to the District of Columbia, this case will proceed simultaneously in two different forums because Plaintiffs' claims cannot be consolidated in the Northern District of California. Transferring some, but not all, of the Plaintiffs' claims to the District of Columbia would pose significant concerns for judicial economy and would risk inconsistent judicial outcomes. *See Our Children's Earth Found.*, 2008 WL 3181583, at *4 ("Section 1404(a) was designed to . . . ensure systemic integrity and fairness in the judicial process, and the efficient administration of the court system"). Indeed, the *Abissi* and *Holmes-Hamilton* courts both transferred the entire case to the District of Columbia for precisely these reasons. *Abissi*, 2024 WL 1485887, at *4 (finding that the relevant "factors favor transfer of the entire case [to the District of Columbia], rather than splitting this case in two and requiring it to proceed in a piecemeal manner"); *Holmes-Hamilton*, 2021 WL 5166376, at *5 (ordering that "the case, in its entirety, shall be transferred to the United States District Court for the District of Columbia").

The remaining factors, including local interest in the controversy, familiarity of each forum with the applicable law, and the relative court congestion and time to trial in each forum, are neutral or favor transfer of this putative nationwide class action. Because Plaintiffs seek nationwide class relief, the Northern District of California does not have any special local interest in the controversy. Instead, the District of Columbia has a greater local interest in interpreting FOIA in the context of Plaintiffs' leading edge putative FOIA class action lawsuit because it is the default forum for FOIA lawsuits and many federal agencies, including both Defendants in this case, are headquartered in or near that district. Indeed, the D.C. Circuit is recognized as "something of a specialist" in adjudicating FOIA cases "given the nature of much of its caseload." *Whitaker v. DOC*, 970 F.3d 200, 206 n.25 (2nd Cir. 2020) (quoting *Brennan Ctr. for Justice at NYU v. U.S. Dep't of Justice*, 697 F.3d 184, 200 (2d Cir. 2012)). Further, the District of Columbia is widely acknowledged as having significant and specialized expertise in working with FOIA. *Id.*; *see also In re Scott*, 709 F.2d at 720; *see also Matlack, Inc. v. U.S. EPA*, 868 F. Supp. 627, 630 & n.3 (D. Del. 1994) (the District of Columbia has "long been on the leading edge" of interpreting FOIA).

Plaintiffs rely on *Lou*, 834 F.2d 730, to argue a plaintiff's forum choice can be afforded "less

14

weight" "only where 'the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter.'" ECF No. 47, at 28:8-11. But the language in *Lou* quoted by Plaintiffs has nothing to do with providing "less weight" to class plaintiffs' choice of forum. Additionally, as relevant to this putative class action, *Lou* held that a class action plaintiff's choice of forum is "given less weight." *Id.*

### D. The FOIA Claim Against DHS Is Dismissed Because Plaintiffs Do Not Allege That They Submitted FOIA Requests to DHS.

Finally, the FOIA claim against DHS is dismissed because Plaintiffs do not allege that they submitted *any* FOIA requests to DHS. FOIA's statutory language makes federal jurisdiction dependent upon a showing that an agency has "'improperly' 'withheld' 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Id.* It is axiomatic that an agency cannot improperly withhold records if it does not receive a FOIA request for those records. *LaVictor v. Trump*, No. 19-cv-01900-TNM, 2020 WL 2527192, at *2 (D.D.C. May 18, 2020) ("So if there has been no request, the agency has not 'improperly withheld' any records."); *Ghassan v. U.S. DOJ*, No. 22-cv-01615-RDM, 2023 WL 1815650, at *2 (D.D.C. Feb. 8, 2023) ("An agency's disclosure obligations [under FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations."). As a result, courts grant dismissal motions where a FOIA plaintiff does not establish that they submitted a FOIA request to the agency. *See, e.g.*, *LaVictor*, 2020 WL 2527192, at *2 (" [i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which [the agency] would have been obligated to respond," the agency "is entitled to judgment as a matter of law."); *Rae v. Hawk*, No. 98-cv-01099-TPJ, 2001 WL 37155163, at *2 (D.D.C. Mar. 7, 2001) ("Because plaintiff did not submit a FOIA request to HHS . . . the Court finds that it lacks subject matter jurisdiction over plaintiff's claims against" HHS). Courts are split on whether such a dismissal should be for lack of jurisdiction or for failure to state a claim upon which relief can be granted, but the result is the same—a FOIA lawsuit cannot proceed where the plaintiff does not submit a FOIA request to an agency in compliance with published regulations.

As set forth in published regulations, DHS has a decentralized organization for the processing of

FOIA requests received by its components. 6 C.F.R. § 5.3(a) ("DHS has a decentralized system for responding to FOIA requests, with each component designating a FOIA office to process records from that component"); 6 C.F.R. § 5.1(c) ("DHS has a decentralized system for processing requests, with each component handling requests for its records"). As a result, subject to exceptions that do not apply here, 6 C.F.R. § 5.4(a) requires that "the component that first receives a request for a record and maintains that record is the component responsible for responding to the request."

Here, Plaintiffs do not allege that they submitted any FOIA requests to DHS. Instead, Plaintiffs allege that they submitted FOIA requests to CBP, a component of DHS, and that CBP failed to respond to those requests within 30 days. FAC ¶¶ 18-23; & 52-66. Accepting the facts alleged in the FAC as true, DHS did not receive a FOIA request from any of the Plaintiffs to which DHS allegedly failed to respond in a timely manner. As such, DHS did not improperly withhold agency records, and under Section 552 this Court does not have the authority under FOIA to devise remedies and enjoin DHS. *Kissinger*, 445 U.S. at 150; *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995) (where an agency has not "(1) improperly (2) withheld (3) agency records[] . . . a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements") (internal quotation marks and citations omitted). Under these alleged facts, Plaintiffs cannot maintain a claim under FOIA against DHS.

Plaintiffs cite *Nightingale v. U.S. Citizenship and Immigration Svcs.*, 507 F.Supp.3d 1193 (N.D. Cal. 2020) to argue that DHS shares responsibility with its component agencies for failure to comply with the FOIA statute. However, the *Nightingale* court's finding has no bearing on whether a plaintiff can bring a FOIA claim without first submitting a valid FOIA request to the agency in compliance with the agency's published regulations. *Id.* at 1199. That question was not before the *Nightingale* court. This case can be further distinguished from *Nightingale* because, as already set forth above, Plaintiffs have not stated a claim under FOIA against DHS.

Moreover, CBP's alleged conduct, in the context of the decentralized framework governing CBP and DHS's FOIA processing, does not provide another route to a FOIA claim against DHS. This is because Plaintiffs do not allege that they submitted any FOIA requests to DHS "in compliance with its published regulations." *Ghassan*, 2023 WL 1815650, at *2. DHS's status as CBP's parent agency does not change this analysis because federal courts, including those in this district, have found agency

16

components to be proper defendants under FOIA. *See, e.g.*, *Hajro*, 832 F. Supp. 2d at 1104 (finding USCIS, which is also a component of DHS, to be "the proper defendant to Plaintiffs' FOIA claims"); *Rosenfeld v. United States DOJ*, No. 07-cv-03240-MHP, 2008 WL 3925633, at 1 n.1 (N.D. Cal. Aug. 22, 2008) (rejecting the argument that a parent agency, as opposed to a component, was the proper defendant in a FOIA action); *see also Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 21-22 (D.D.C. 2006) (same). Even if Plaintiffs had submitted FOIA requests to DHS, those requests still would be irrelevant to the gravamen of FOIA pattern or practice claim in this lawsuit because the CBP has an alleged pattern or practice of failing to respond to FOIA requests submitted to CBP. FAC ¶¶ 52-66.

### E. The Court Will Not Stay Its Decision to Transfer.

Plaintiffs ask the Court to stay its decision to transfer to allow Plaintiffs to move the Court to certify the order for interlocutory review. A district court may certify an order for interlocutory appellate review under Section 1292(n) if (1) "there [is] a controlling question of law", (2) "there [are] substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Because "a decision would delay, not advance, the ultimate termination of the litigation," the Court will not stay its decision. *See Doe v. CRST Expedited, Inc.*, No. 21-cv-1117-JGB, 2023 WL 3564785, *2 (C.D. Cal. Apr. 25, 2023); *see also* 28 U.S.C. § 1292(b) (providing a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals).

## IV. CONCLUSION

For the reasons set forth above, the Court orders that the APA claims (**Counts One and Two**) **are DISMISSED** for lack of subject matter jurisdiction; any FOIA claims against DHS (Counts One, Two and Three) are dismissed since there were no FOIA requests made to DHS.

The Court further ORDERS that this matter (with one remaining claim, **Count Three, against CBP) be TRANSFERRED** to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a). As to the remaining claims (i.e. the FOIA Claims against CBP in Count Three), those should be addressed after the matter is transferred.

//

**This Order terminates ECF 40 and ECF 46.** As a result of the Court's order, **ECF 8** is MOOT.

The Clerk of Court is directed to transfer the file, terminate, and close the case.

**IT IS SO ORDERED**.

Dated: November 4, 2024

_____
TRINA L. THOMPSON
United States District Judge

18